Chief Judge Fuld.
The defendant stands convicted of the crime of criminal facilitation in the second degree, a class A misdemeanor, in violation of section Il5.0p of the Penal Law. A person is guilty of the crime, that section provides, ‘ ‘ when, believing it probable that he is rendering aid to a person who intends to commit a crime, he engages in conduct which provides such person with means or opportunity for the comipission thereof and which in fact aids such person to commit a felony. ’ ’
*64 Richard Cryan, a trooper with the State Police, worked as • an undercover agent investigating the sale of narcotics and dangerous drugs in the City of Batavia in up-state New York. On May 1, 1969, he met a Larry Hicks, a police informer, and went with him to a restaurant in that city where they joined several men, qne uf whom was the defendant, at a table. The defendant, learning from Cryan that he was interested in buying marijuana — referred to as “grass” or “hash” — told the trooper that “ a fellow by the name of Craig, who lives in the apartment on 110 Bank Street, deals quite heavily in narcotics ” and suggested that he, Cryan, should go to that address and “ attempt to effect a narcotics, purchase. ” The defendant, at the trooper’s request, gave him directions how to get to 110 Bank Street. Cryan and Hicks then left the restaurant and proceeded to that address.
Upon arriving there, Trooper Cryan knocked on the door and Cj*aig Newlon responded. The undercover agent said that he wanted to “cop”—i.e., purchase — marijuana and Newlon invited the two men inside. After some bargaining, he sold the officer $20 worth of marijuana.
As indicated, the defendant was subsequently indicted. Accusing him of criminal facilitation, the indictment, in effect, charged that he aided Newlon in committing a felony—namely, the sale of marijuana to the undercover agent Cryan-—by providing the latter with information to enable Newlon to sell him a quantity of marijuana.[1] The defendant, following a jury trial, was convicted and, on appeal, the judgment of conviction was unanimously affirmed.
Section 115.00 of the Penal Law, as well as the indictment, requires proof that the defendant believed it “ probable ” that, when he acted, he was rendering aid to a person who then “intends ” to commit a crime. The type of situation contem *65 plated and envisaged by the section is clearly one involving assistance, of the indicated nature, by the defendant to a person who, at the time of such assistance or facilitation, not only intends to commit a crime but who subsequently does commit it in a felonious form.
As the Practice Commentary, prepared by Denzer and McQuillan (McKinney’s Cons. Laws of N. Y., Book 39, Penal Law, p. 187), suggests, section 115.00 was designed to cover cases such as these: (1) a person “ sells a gun to a man who he knows intends to use it to kill his wife ” or (2) the telephone company “ provides telephone service to a person with knowledge that he intends to-use it for bookmaking purposes ” or (3) a night watchman for a warehouse “ looks the other way when he sees his burglar friend about to break into the warehouse.” Here, on the contrary, although the defendant may have believed it probable that Cryan intended to commit a crime (of possessing a dangerous drug) and that he was aiding him to do so, he may not be adjudged guilty of facilitation on that basis — and, indeed, the indictment is not predicated on any such hypothesis — since Cryan did not commit any felony: it is enough to note that the possession of a dangerous drug, in the absence of aggravating circumstances, is a misdemeanor and not a felony (Penal Law, § 220.05).
Under no circumstances, however, can a conviction of criminal facilitation be based upon the unusual theory, here advanced, that the defendant aided Newlon to commit the crime of selling drugs to Cryan. The conduct relied upon as constituting the alleged facilitation consisted of the defendant’s declaration to Cryan that Newlon sold drugs and suggesting that Cryan visit him in order to “ attempt to effect a narcotics purchase.” The statute, as we have already noted, expressly requires that the defendant-facilitator believe that he is rendering aid to a person who “ intends- to commit a crime ”. In this case, it is indisputable that, at the time the defendant had his conversation with Cryan, Newlon, who had never even heard of that individual, could not possibly have “intended” to commit the crime of selling marijuana to him. And it follows, therefore, that the defendant could not possibly have “ believed ” it probable that Newlon intended to commit that crime. Thus, as is manifest, *66 one of the basic elements required by the statute, namely, the element of intent, was missing.
To stretch this offense beyond its normal and intended scope to cover a case of this nature would extend it beyond its plainly circumscribed boundaries and might well lead to further abuse in its construction and application.
In the view which we have taken, we have put off for another day and for a more appropriate ease consideration of the defendant’s contention that there is a distinction between “ conduct ” ■— as used in section 115.00 — and ‘[1] speech ’ ’ and that, consequently, conviction under the statute requires proof of more than words.
The order appealed from should be reversed and the indictment dismissed.

. Insofar as pertinent, the indictment reads as follows: “ Charles Steven Gordon * * * when believing it probable that he was rendering aid to a person who intended to commit a crime, engaged in conduct which provided such person with means or opportunity for the commission thereof and which in fact did aid such person to commit a felony by providing one Richard J. Cryan with information and directions so as to enable one Creigh E/ Newlon to knowingly and unlawfully sell a quantity of marijuana to said Richard J. Cryan on May 1, 1969, said sale being a felony