Jack Rosenberg, J.
This is a motion to dismiss the indictment, pursuant to CPL 210.20. Defendant alleges that the evidence before the Grand Jury was not legally sufficient to establish the offenses charged or any lesser included offenses.
Defendant was indicted for the crimes of criminally selling a dangerous drug and two counts of criminal possession of a dangerous drug. Subsequently, counsel for defendant moved to inspect the Grand Jury minutes on the ground that there was insufficient evidence before the Grand Jury to indict him for the crimes with which he was charged. The motion was granted by this court to the extent that those portions relating to the defendant were ordered released to his counsel for the purpose of making legal arguments thereon.
The facts in this case are alleged as follows: An undercover agent met two individuals named DiMarzo and Volante. He informed them that he was interested in purchasing heroin, and they agreed to take him to their own source of supply. They proceeded to an abandoned building where a man named Donovan opened the door for them in a third-floor apartment. The officer told Donovan that he wished to buy heroin. Donovan stated that he would go and pick up a package, and Volante *401 handed his car keys to Donovan. Later, after Donovan’s return, he summoned the officer into the bedroom and handed him 30 glassine envelopes in exchange for $100.
Section 115.00 of the Penal Law states that ‘1 A person is guilty of1 criminal facilitation in the second degree when, believing it probable that he is rendering aid to a person who intends to commit a crime, he engages in conduct which provides such person with means or opportunity for the commission thereof and which in fact aids such person to commit a felony.” Criminal facilitation in the first degree, section 115.05 of the Penal Law, occurs when an individual aids another to commit a class A felony.
Section 20.00 of the Penal Law provides that “ When one person engages in conduct which constitutes an offense, another person is criminally liable for such conduct when, acting with the mental culpability required for the commission thereof, he solicits, requests, commands, importunes, or intentionally aids such person to engage in such conduct.”
In the Practice Commentary to section 20.00 (McKinney’s Cons. Laws of N. Y., Book 39, Penal Law, § 20.00), the authors explain that
“ Unlike the former provision. [Penal Law, § 2 (6th par.)], the revised section does not state [the] principles of accessorial liability in common law terms, but in a direct and precise manner. Among other matters, it is an explicit requirement for liability upon the part of the solictor, aider or abettor that he act ‘ with the mental culpability required' for the commission ’ of the crime. * * *
“It is pertinent to observe here a kind of accessorial conduct whereby one indifferently but knowingly aids or facilitates the commission of a crime by providing another with means or opportunity for the commission thereof, without having any specific intent on his own part to commit or profit from the crime (e.g., lending a friend a ear with knowledge that he intends to use it to commit a robbery). * * * Under the instant .section, such a ‘ facilitator ’ quite clearly is not liable for the crime which he facilitates, for it cannot be truly said that he acts ‘ with the mental culpability required for the commission thereof. ’ The Revised Penal Law establishes a separate and lesser kind of liability for such cases with the offense of ‘ criminal facilitation ’ (§§ 115.00, 115.05).”
The Practice Commentary to article 115 (McKinney’s Cons. Laws of N. Y., Book 39, Penal Law, art. 115) states that “ ‘ Criminal facilitation ’ involves a kind of accessorial conduct in *402 which the actor aids the commission of a crime with knowledge that he is doing so bnt without any purpose or specific intent to bring about, participate in or profit from the crime * * * One who facilitates the commission of a crime in the indicated manner must certainly be regarded as culpable to a marked degree; yet his inherent culpability is clearly less than that of the actual perpetrator. The situation seems to call for some intermediate form of liability, which is what, this Article establishes.”
Counsel for defendant is correct when he claims that in New York a person cannot be convicted for the offense of criminally selling a dangerous drug when he was merely acting upon the request, or as the agent of, the buyer. (People v. Ivory, 27 A D 2d 844; People v. Miller, 24 A D 2d 1023; People v. Fortes, 24 A D 2d 428; People v. Silverman, 23 A D 2d 947; People v. Lindsey, 16 A D 2d 805, affd. 12 N Y 2d 958; and People v. Branch, 13 A D 2d 714.)
In People v. Gordon (32 N Y 2d 62), a recent Court of Appeals case, the defendant, learning from a State trooper who worked as an undercover agent investigating the sale of narcotics and dangerous drugs that he was interested in buying marijuana, informed the trooper that a certain person living át a stated address dealt in narcotics and suggested that the trooper should go to that address and attempt to effect a narcotics purchase. Upon arriving at the stated address, he succeeded in purchasing marijuana from the occupant. The indictment, in effect, charged that the defendant aided that person in committing a felony.
Section 115.00 of the Penal Law, the court held, requires proof that the defendant believed it “probable” that, when he acted, he was rendering aid to a person who then “ intends ” to commit a crime. Here, although the defendant may have believed it probable that the trooper intended to commit a crime and that he was aiding him to do so, he may not be convicted óf facilitation on that basis since the trooper did not commit any felony. The possession is a misdemeanor and not a felony.
Furthermore, the court declared, criminal facilitation cannot be based upon the theory that the defendant aided the seller to cómmit the crime of selling drugs to the trooper. At the time the defendant had his conversation with the trooper, the seller, who had never heard of that individual, could not possibly have “intended” to commit the crime of selling marijuana to him. The defendant could not have “believed” it probable that the seller intended to commit the crime. The *403 element of intent was missing. Consequently, the indictment had to be dismissed. According to the court, merely telling an undercover agent where he can purchase dangerous drugs is insufficient to constitute the offense of criminal facilitation.
In the instant casé, however, the defendant did more than simply inform an undercover agent about his own source of supply. He, in fact, personally accompanied the undercover agent to; thé place where the purchase was to be effectuated. Moreover, he also gave Donovan the car keys, thus directly aiding Donovan, the seller, to make the transaction. That is exactly the type of involvement which constitutes the crime of criminal facilitation.
In view of all of the foregoing, it is clear that the defendant can only be charged with criminal facilitation, since the Grand Jury minutes do not demonstrate sufficient evidence to support the offenses, of criminally selling a dangerous drug. Accordingly, the motion to dismiss the indictment is granted without prejudice to the prosecution to file new charges pursuant to an appropriate indictment.