OPINION OF THE COURT
Robert M. Haft, J.
The defendant, Alfred Jennings, has moved, pursuant to CPL 210.20, for an order dismissing the indictment on the ground that the evidence presented to the Grand Jury was legally insufficient to support the offense charged or any lesser included offenses. Defendant stands indicted for the crime of criminal facilitation in the first degree.
Section 115.05 of the Penal Law states that: "A person is guilty of criminal facilitation in the first degree when, believ *1016 ing it probable that he is rendering aid to a person who intends to commit a class A felony, he engages in conduct which provides such person with means or opportunity for the commission thereof and which in fact aids such person to commit such class A felony.”
On February 14, 1978, defendant met an undercover police officer who said he was interested in buying two ounces of heroin. Defendant and the undercover officer proceeded to a bar located at 181 Avenue C in Manhattan, where defendant introduced the officer to his sister, also known as "China”. After the officer and "China” completed negotiations for the heroin, defendant came over to where they were standing, gave the officer his phone number, and said, "any time you need anything just call this number and ask for 'China’ or me, 'Freddie,’ ”. The very next day, the undercover officer met "China” and purchased two ounces of heroin for $3,000.
The evidence presented to the Grand Jury was sufficient to warrant an indictment for criminal facilitation. Defendant aided "China” in committing a class A felony namely, the sale of heroin to the undercover officer, by providing the seller with a buyer ready and able to purchase a quantity of heroin. From defendant’s actions, it seems clear that he "believed it probable” he was rendering aid to a person (his sister) who then intended to commit a class A felony, the sale of two ounces of a narcotic drug.
People v Gordon (32 NY2d 62) does not require a contrary result. In Gordon (supra), the defendant informed a State trooper, working as an undercover agent, that a certain person living at a stated address dealt in narcotics. Upon arriving at the stated address, the officer succeeded in purchasing marihuana from the occupant. Defendant was then indicted and charged with aiding the seller in committing a felony. The Court of Appeals held, in that case, that criminal facilitation could not be based upon a theory that defendant had aided the seller. At the time of defendant’s conversation with the officer, the seller (who had never met or even heard of the officer) could not possibly have "intended” to commit the crime of selling marihuana to him. According to this analysis, it follows that the defendant could not conceivably have "believed it probable” that the seller intended to commit that crime. Consequently, the indictment was dismissed.
In the present case, defendant did not merely tell an undercover agent where he could purchase narcotics as in the *1017 Gordon case. Defendant directly aided the seller by procuring a buyer, accompanied the buyer to the bar, waited until the negotiations were completed and then provided the buyer with a phone number, imploring him to call again. The conduct of the defendant falls within the circumscribed boundaries of the statute and goes beyond a merely casual act which happens to help bring about the commission of a crime.
Defendant’s motion to dismiss the indictment for legal insufficiency is denied.