■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES ARCADI, Appellant.—Judgment unanimously reversed, on the law, and

indictment dismissed. Memorandum: Defendant was convicted, after a jury trial, of criminal facilitation in the second degree, a misdemeanor. The indictment accused him of intentionally aiding Richard Mancuso, an Erie County Assistant District Attorney, to commit the crime of bribe receiving in the second degree. The evidence, however, reveals that defendant had no contact with Mancuso until after the crime of bribe receiving. had been consummated. Since defendant did not provide Mancuso with either the "means or opportunity" to receive a bribe, he may not be found guilty of criminal facilitation in the second degree (Penal Law, § 115.00). The crime of bribe receiving in the second degree occurs when a public servant "solicits, accepts or agrees to accept any benefit from another person upon an agreement or understanding that his vote, opinion, judgment, action, decision or exercise of discretion as a public servant will thereby be influenced" (Penal Law, § 200.10). The essence of the crime is the agreement, and the results of the agreement are immaterial (Hechtman, Practice Commentaries, McKinney's Cons Laws of NY, Book 39, Penal Law, § 200.10, p 413). The predicate crime in this case was completed no later than June 3, 1977 when Mancuso was paid $6,500 to influence the outcome of a felony charge against Ronald Wisniewski. Defendant's agreement, three days later on June 6, 1977, to substitute as Wisniewski's attorney could not have provided Mancuso with the means or opportunity for the commission of the crime of bribe receiving, nor in fact aided Mancuso to commit that felony (Penal Law, § 115.00, now Penal Law, § 115.00, subd 1). The acts of defendant, as established at trial, were not sufficient to prove criminal facilitation in the second degree as charged in the indictment. (Appeal from judgment of Erie Supreme Court—criminal facilitation, second degree.) Present—Cardamone, J. P., Simons, Schnepp and Witmer, JJ.