OPINION OF THE COURT
Leslie Crocker Snyder, J.
The defendant was indicted for the offense of criminal facilitation in the second degree. Defense counsel has brought this motion to dismiss the charge on the ground that the evidence adduced before the Grand Jury was insufficient to support the charge or any lesser included offense. The court *852 has reviewed the minutes in camera and finds them legally sufficient.
FACTS
According to the Grand Jury minutes, an undercover police officer agreed to meet with two codefendants, John L. and Vincent L., in order to purchase narcotics. When the undercover arrived at John L.’s home as scheduled, John L. told him that it was unsafe to consummate the deal at that time because there were too many police officers in the area. John L. telephoned Vincent L., who was to bring the drugs, and told him not to come over. In order to make the purchase, the undercover then agreed to go to Vincent L.’s home to pick up the narcotics, while leaving part payment with John L.
When the undercover arrived at Vincent L.’s house, Vincent telephoned John to verify that the partial payment had been made and the undercover then completed payment to Vincent L. in exchange for the drugs. In this same telephone conversation, John L. informed Vincent L. that defendant Schoen would go to Vincent’s house to pick up the money that the undercover had given him, so that the transaction would be completed.
After the conversation ended, Sherie Schoen left John L.’s house and proceeded to Vincent L.’s location. On the return trip from Vincent’s house, she drove in an evasive manner and at one point pulled her car into a closed gas station and waited for approximately 10 minutes. She allegedly picked up the money, as arranged, and brought it back to John L., thus consummating the transaction between the undercover and the two defendants.
CONCLUSIONS OF LAW
The indictment accuses Vincent L. and John L. of acting in concert in the sale of narcotics. Defendant Sherie Schoen is charged with facilitating that crime pursuant to Penal Law § 115.05 which requires that the facilitator render "aid to a person who intends to commit a class A felony (and thereby) engages in conduct which provides such person with means or opportunity for the commission thereof’.
Relying on People v Arcadi (79 AD2d 845 [4th Dept 1980], affd 54 NY2d 981 [1981]), the defendant contends that any sale or transaction in this case was completed prior to the defendant’s actions in transporting the money from one al *853 leged seller to the other. Therefore, the defendant argues under Penal Law § 115.05 that she cannot be accused of aiding an already completed crime.
The defendant’s reliance on People v Arcadi (79 AD2d 845, affd 54 NY2d 981, supra) is misplaced. In Arcadi, the crime was completed three days before the defendant’s alleged facilitation. Here, in contrast, although the undercover officer left the scene after receiving the drugs, John L. and Vincent L. were acting in concert to sell the narcotics. Even though an exchange of money is not essential to a drug sale as defined in Penal Law § 220.00, the actions and statements of both Vincent and John indicate that the transaction was not completed until the money was delivered from one seller to the other. Specifically, the transportation of the buy money completed the transaction between the two sellers and the undercover and was an integral part of the sale. Therefore, the defendant’s actions rendered aid and provided a means or opportunity to Vincent L. and John L. to sell narcotics. The acts of defendant Sherie Schoen, as set forth in the Grand Jury minutes, are sufficient to sustain the charge of criminal facilitation in the second degree or any lesser included offense.* The defendant’s motion to dismiss is denied.

 The court notes that a charge of acting in concert in the sale of narcotics might have been more appropriate legally under the facts presented here.