OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
On an April afternoon, police officers entered an apartment building on West 108th Street in Manhattan to execute a search warrant at apartment 14 located on the fourth floor. The People’s sole witness testified that as the officers ascended the stairs from the third to the fourth floor, they saw defendant on the fourth floor landing "peering” over the banister. Upon seeing them defendant yelled "Police, Police,” and knocked on the door of apartment 14. The officers arrested defendant immediately. After entering the apartment through the unlocked door, the officers recovered a large quantity of cocaine, 256 vials of "crack,” a gun, and assorted drug paraphernalia. Five men in the apartment were arrested, and *868 charged, inter alia, with criminal possession of a controlled substance.
Defendant was subsequently convicted, by bench trial, of criminal facilitation in the fourth degree (Penal Law § 115.00 [1]). The Appellate Division unanimously reversed, concluding that the People failed to establish "any one of [the] elements [of criminal facilitation] as a matter of law,” that an analysis of the elements of the crime and of the cases interpretive thereof leads to the conclusion that the "statute contemplates that the facilitated crime must occur in the future, after the intervention of the facilitator.” (151 AD2d 128, 130.) The case is before us upon the People’s appeal pursuant to leave granted by a Judge of this Court. We now affirm, but on narrower grounds.
Penal Law § 115.00 (1) provides in pertinent part, "[a] person is guilty of criminal facilitation in the fourth degree when, believing it probable that he is rendering aid * * * to a person who intends to commit a crime, he engages in conduct which provides such person with means or opportunity for the commission thereof and which in fact aids such person to commit a felony”. Essential to establishing the commission of this crime is that the facilitator render aid that provides the means or opportunity to commit the crime and does in fact aid a person in committing a felony (Penal Law § 115.00 [1]).
Here, there is no evidence that defendant’s conduct enabled the occupants of apartment 14 to possess the contraband for any period longer than they would have had defendant done nothing. Thus, it cannot be said that defendant provided the "means or opportunity” for commission of the object felony (see, People v Puig, 85 Misc 2d 228; People v Volante, 75 Misc 2d 400; People v Jennings, 98 Misc 2d 1015; see generally, 31 NY Jur 2d, Criminal Law, §§ 370-378). Nor did she in fact aid the occupants of apartment 14 in the commission of the crime of criminal possession of a controlled substance (see, People v Arcadi, 79 AD2d 845, affd 54 NY2d 981; cf., People v Streeter, 139 AD2d 786 [defendant’s receiving currency which initiated drug transaction facilitated crime]; People v Schoen, 136 Misc 2d 851, 853 [defendant’s transporting "buy” money completed drug transaction providing drug traffickers with a means or opportunity to sell narcotics]; see also, Frohlich & Newell Foods v New Sans Souci Nursing Home, 109 Misc 2d 974 [supplying false bills to nursing home operators knowing that bills would be used to obtain reimbursement from the State was tantamount to crime of criminal facilitation]).
*869 Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
Order affirmed in a memorandum.