■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE CRUZ, Appellant.—Judgment, Supreme Court, Bronx County (Lawrence H. Bernstein, J.), rendered November 8, 1990, convicting defendant, after a non-jury trial, of bribe receiving in the third degree and attempted grand larceny in the second degree, and sentencing him to concurrent terms of imprisonment of 1 year, and order of the same court, entered May 10, 1991, denying defendant's CPL 440.10 motion to vacate the judgment, unanimously affirmed. The matter is remitted to the Supreme Court, Bronx County, for further proceedings pursuant to CPL 460.50 (5).

Evidence at trial was that defendant, as Chairman of Community School Board 12, unsuccessfully solicited $300 in cash from the complainant, a school guard employed in District 12, in exchange for job security. Although the complainant's testimony regarding approximate dates and exact words ex-

changed was brought into question on cross-examination, any discrepancies were reasonably attributable to his obvious difficulty with communication skills. The verdict is amply supported by the evidence, which was given appropriate weight *(People v Bleakley,* 69 NY2d 490).

The hearing court properly denied defendant's CPL article 440 motion to vacate the judgment of conviction on the ground of newly discovered evidence. The hearing testimony, at best, served merely to contradict or impeach testimony of the complainant at trial. However, given the complainant's undisputed difficulty with communication skills, it is doubtful that the hearing testimony in fact impeached the complainant. In any event, the hearing testimony was not of such character as to create a probability that had it been received at trial the verdict would have been more favorable to defendant (CPL 440.10 [1] [g]; *People v Salemi,* 309 NY 208, *cert denied* 350 US 950).

We perceive no abuse of discretion in sentencing *(People v Farrar,* 52 NY2d 302). Concur—Milonas, J. P., Ellerin, Ross, Asch and Kassal, JJ.