OPINION OF THE COURT
Martin Marcus, J.
The defendant was indicted by the Grand Jury of Bronx County on September 17, 1992, and charged with the crimes of bribery in the third degree (Penal Law § 200.00) and attempted unlawful Grand Jury disclosure (Penal Law §§ 110.00, 215.70). He now makes an omnibus motion for inspection of the Grand Jury minutes in this and another case, and for dismissal or reduction of the charges in the indictment.
The defendant’s motion to inspect the Grand Jury minutes is granted to the extent that the court has inspected and reviewed the minutes of the Grand Jury proceeding which resulted in his indictment, and the minutes of the proceeding before the same Grand Jury which resulted in the indictment of John Marchisello for the crimes of bribing a witness, tampering with a witness, and intimidating a witness in the third degree.
The defendant’s motion to dismiss the indictment on the ground that the District Attorney’s legal instructions to the Grand Jury were insufficient is denied. The instructions were not defective within the meaning of CPL 210.35.
The defendant’s various objections to the methods and manner of the Grand Jury proceedings are also rejected. In particular, the minutes reveal that a quorum of grand jurors was present during the proceedings and at the time the Assistant District Attorney instructed the Grand Jury on the law, and that it was instructed that only those grand jurors who had heard all of the evidence could participate in voting on the matter. Furthermore, despite the defendant’s various surmises to the contrary, an inspection of the Grand Jury minutes demonstrates that the manner and tone of the Grand Jury proceedings concerning the defendant, as well as those *773 concerning Mr. Marchisello, appear to be unremarkable and unprejudicial to the defendant. Moreover, while Mr. Marchisello’s name did come up in the testimony concerning the defendant, there was no prejudice to the defendant resulting from the fact that over a period of time, ending weeks before the presentation concerning the defendant, the same Grand Jury had heard evidence that Mr. Marchisello had committed other offenses. There is no evidence that the panel could not separate the cases and the charges against each defendant. (See, People v Vargas, 150 Misc 2d 1053, 1057 [Sup Ct 1991] [defendant was not prejudiced by presentation of separate murder cases and rape case to the same Grand Jury].)
In sum, the proceedings were not defective within the meaning of CPL 210.35, and the defendant’s motion to dismiss the indictment on these various grounds is denied.
The defendant also moves to dismiss the indictment, or, in the alternative, to reduce the charges, on the ground that the evidence before the Grand Jury was legally insufficient to support either the charges for which he was indicted or any lesser included offense. (His related application for release of the Grand Jury minutes to defense counsel is denied as being unnecessary for the determination of this motion.) The People concede that the charge of bribery in the third degree must be reduced to attempted bribery in the third degree, but insist that the evidence was sufficient to establish an attempt to commit that crime, as well as the crime of attempted unlawful Grand Jury disclosure.
According to the evidence before the Grand Jury, in 1989, the Bronx District Attorney’s office had in its employ a clerk for the homicide Grand Jury, whose official duties included maintaining the records for the homicide unit, records which contained the names, addresses and phone numbers of witnesses in homicide cases. At the same time, the defendant was employed by the Bronx County District Attorney’s office as a coordinator for the Grand Jury. Although the defendant "worked up the hall” from the clerk, his official duties had no connection to homicide cases and gave him no access to homicide files.
The clerk, who testified before the Grand Jury, described an encounter she had with the defendant at some point "during the latter part of the summer of 1989 going into the early fall of that year.” According to the clerk, the defendant approached her near the homicide Grand Jury room and asked *774 her if she wanted to make more money. When she asked what he was talking about, he said, "Do you want to make $250?” When she again asked what he was talking about, he said, "I need a name and an address of a witness on a [homicide] case that’s in the Grand Jury.” The clerk replied, "What, are you crazy?” to which the defendant responded, "John Marchisello will give me $500, and we’ll do 250 a piece.” The clerk then said, "No way, you’re crazy,” and walked out. After this encounter, the clerk "made sure that [she] locked the folder [relating to the case] into a cabinet so Jeff [the defendant] wouldn’t find it.” The clerk never provided the information to the defendant. Based upon this evidence, the defendant was indicted for the crimes of bribery in the third degree and attempted unlawful Grand Jury disclosure.
A motion to dismiss a charge in an indictment must be granted if the People have failed to present to the Grand Jury evidence legally sufficient to establish the offense charged or any lesser included offense. (CPL 210.20 [1].) If the evidence is legally sufficient to support only a lesser included offense, the court must order the charge reduced to that lesser included offense. (CPL 210.20 [1-a].) Evidence is legally sufficient if, unexplained and uncontradicted, it would support a conviction. (People v Howell, 3 NY2d 672 [1958].) In other words, legally sufficient evidence is "competent evidence which, if accepted as true, would establish every element” of an offense (CPL 70.10 [1]; see, People v Reyes, 75 NY2d 590 [1990]).
A person is guilty of the crime of bribery in the third degree when he, "confers, or offers or agrees to confer, any benefit upon a public servant upon an agreement or understanding that such public servant’s vote, opinion, judgment, action, decision or exercise of discretion as a public servant will thereby be influenced.” (Penal Law § 200.00.) A person is guilty of the crime of unlawful Grand Jury disclosure when, "being a grand juror, a public prosecutor, a grand jury stenographer * * * or a clerk, attendant, warden or other public servant having official duties in or about a grand jury room or proceeding * * * he intentionally discloses to another the nature or substance of any grand jury testimony, or any decision, result or other matter attending a grand jury proceeding which is required by law to be kept secret, except in the proper discharge of his official duties or upon written order of the court.” (Penal Law § 215.70.) Finally, a person is guilty of an attempt to commit a crime when, with intent to commit a crime, he engages in conduct which tends to effect *775 the commission of such crime. The question raised by the defendant’s motion to dismiss is whether the evidence presented to the jury was legally sufficient to support a charge of attempted bribery in the third degree and attempted unlawful Grand Jury disclosure.
The "gist” of the crime of bribe receiving "is not the payment of money, but rather the 'agreement or understanding’ under which [the alleged bribe receiver] accepts or agrees to accept a benefit.” (People v Harper, 75 NY2d 313, 317 [1990]; see also, People v Alvino, 71 NY2d 233 [1987].) The existence of such an agreement or understanding is no less critical for the conduct of the alleged bribe giver to constitute the crime of bribery.
In People v Tran (80 NY2d 170 [1992]) an inspector from the New York City Department of Buildings inspected a hotel in the presence of the defendant, who was the fire safety director for that hotel and one other. When the inspector told the defendant that a new violation would be reported, the defendant put $310 into the inspector’s shirt pocket. The inspector attempted to return the money, but the defendant rebuffed the attempt, telling him that even if he wrote a violation, to " 'do whatever [he] had to do, but keep [the money]’.” (People v Tran, 80 NY2d, at 173.) The next month, an undercover investigator purporting to conduct an investigation of the other hotel for which the defendant was responsible told the defendant that he would write up a violation for that second hotel when he returned later in the day. When he did return, another hotel employee named Chu gave him $100, claiming first that he did not know what it was for, but then suggesting that, " 'Maybe, you clear up for him something here, about Local Law 16. That’s what your here before [as in transcript].’ ” (People v Tran, 80 NY2d, at 174 [bracketed words in original].)
After hearing this evidence, the trial court denied a motion to dismiss the charges, two counts of bribery in the third degree. The court found that while there was no agreement between the defendant and the inspector or the investigator, there may have been an understanding, which it defined as an " 'expectancy * * * that hopefully [the inspector] would not file’ the violation.” (People v Tran, 80 NY2d, at 174, supra.) In its final instructions to the jury, the court explained that "the words 'upon an * * * understanding’ refer to the defendant’s understanding. The court added that those words 'as applied to this case, are equivalent to the words, "with intent to”.’ ” *776 (People v Tran, 80 NY2d, at 174.) Thus charged, the jury convicted the defendant on both counts of bribery.
Reviewing the convictions, the Court of Appeals rejected the notion that for a bribe giver the requirement of an "agreement or understanding” could be equated with the alleged bribe giver’s intent. Differentiating between "a mere 'hope’ and a statutory 'understanding’ ” (People v Tran, 80 NY2d, at 177, supra), the Court of Appeals held that the prosecution "had to prove at least an 'understanding’ * * * in the mind of the bribe maker that the bribe receiver would effectuate the proscribed corruption of public process and was affected to do so by the actus reus of this particular crime.”
Of course, whether or not the bribe giver offered or gave money pursuant to an agreement or understanding does not necessarily turn on the intended bribe receiver’s state of mind. As with the agreement necessary for the crime of conspiracy (see, People v Schwimmer, 66 AD2d 91 [2d Dept 1978] , affd 47 NY2d 1004 [1979]), it is possible for an agreement for the crime of bribery or bribe receiving to be "unilateral” in nature. In People v Holmes (72 AD2d 1 [1st Dept 1979] ), for example, the defendants, police officers under investigation for corruption, arrested an undercover officer posing as a drug dealer in possession of what he led the defendants to believe was an ounce of cocaine. After accepting money from the undercover, the defendants were arrested by officers from the internal affairs division. Obviously, the undercover officer did not share in the defendant’s corrupt purpose and was well aware that the substance in his possession was not in fact cocaine. Nonetheless, the First Department held that the defendants’ conduct constituted the crime of bribe receiving in the first degree, which requires that a bribe be accepted upon an agreement or understanding that it will influence the public servant receiving it in the investigation, arrest, or prosecution of a person for an A felony narcotics offense. Noting that for the crime of bribe receiving, "it is the defendant’s state of mind which is controlling” (People v Holmes, 72 AD2d, at 7, supra), the Court held that, "All that matters is that the defendants believed that [the undercover officer] was carrying an ounce of a narcotic drug” (supra).[1]
*777 In this case, the evidence before the Grand Jury does not establish that the defendant had either an agreement or an understanding with the clerk that the clerk would accept money in exchange for the witness’s name and address. Nor, given the clerk’s testimony that she immediately and unequivocally rejected the defendant’s proposal, is there any evidence indicating that he could conceivably have entertained a unilateral belief that such an agreement or understanding had been reached. Thus, as the People now concede, the conduct of the defendant as reflected in the Grand Jury record is insufficient to constitute the crime of bribery in the third degree. Moreover, since there was no evidence before the Grand Jury that the defendant ever obtained the information he allegedly sought from the clerk, he could not be — and was not — charged with the crime of unlawful Grand Jury disclosure. The People maintain, however, that according to the evidence before the Grand Jury, the defendant came so close to both an unlawful agreement to disclose the information and to the disclosure itself that his conduct constitutes an attempt to commit these crimes. The defendant argues to the contrary, and in particular, that the absence of an agreement to disclose the name precludes a prosecution not only of the substantive crime of bribery, but for an attempt to commit that crime as well.
In order for conduct to constitute an attempt to commit a crime, that conduct must come " 'very near to the accomplishment of the intended crime.’ ” (People v Di Stefano, 38 NY2d 640, 652 [1976], quoting People v Rizzo, 246 NY 334, 337 [1927].) While the act "need not be 'the final one towards the completion of the offense’ ” (People v Bracey, 41 NY2d 296, 300 [1977], quoting People v Sullivan, 173 NY 122, 133 [1903]), it must be "so near to its accomplishment that in all reasonable probability the crime itself would have been committed but for timely interference.” (People v Rizzo, 246 NY, at 337.) "[M]ere preparation” is not enough to constitute an attempt (People v Bracey, 41 NY2d, at 300), but "[w]here the boundary line between preparation and attempt should be placed differs with different crimes.” (People v Mahboubian, 74 NY2d 174, 191 [1989].)
In People v Warren (66 NY2d 831 [1985]), for example, a prosecution for the crime of attempted possession of a controlled substance failed because of the many contingencies *778 that stood between an agreement to purchase narcotics and the actual transfer. In that case, at a meeting with the "sellers” (an undercover police officer and an informant), the defendants agreed to purchase eight ounces of cocaine for $16,400. At the time of the meeting, the "sellers” had with them six of the eight ounces, which the defendants were permitted to examine. As the defendants conducted that examination, police officers entered and placed them under arrest.
Although prior to their arrest the defendants had taken several steps toward the possession of the narcotics, they did not then have with them the money to consummate the sale. Moreover, the "sellers” had yet to obtain the remaining two ounces, or to package the four ounces they had in the manner the defendants had requested. Indeed, by agreement of the parties, the exchange was not scheduled to occur until five hours later and at another location. Thus, the Court of Appeals held, "the defendants did not come very near to the accomplishment of the intended crime”. (People v Warren, 66 NY2d 831, 833.)[2]
Of course, merely because the police uncover a plan to commit a crime and take steps to prevent its completion does not preclude the liability of those involved for the crime of attempt. In People v Trepanier (84 AD2d 374 [4th Dept 1982]), for example, the defendant hired an "arsonist"—in actuality an undercover State Trooper—to burn down his building for fire insurance. He suggested to the "arsonist” how the fire could be started, procured the insurance, created his own alibi for the night of the fire, gave the "arsonist” a down payment of his fee, removed his own belongings from the building, and left open and unboarded a cellar window, permitting the "arsonist” access to the building. The Court found that these acts went beyond "mere planning or preparation,” and that by placing the arson "within the power of the 'arsonist' to commit * * * unless interrupted * * * brought the intended crime dangerously near to accomplishment”. (People v Trepanier, 84 AD2d, at 377.)[3]
*779 How near conduct comes to the accomplishment of an intended offense depends, of course, on what is necessary to the "accomplishment” of that offense. The crime of criminal possession of a controlled substance is not committed until a person comes into physical possession of, or at least assumes dominion and control over, a controlled substance. An arson is not committed until a fire is actually set. "Completion” of the crime of bribery in the third degree, however, requires neither that the bribe be paid nor that the purpose of the bribe be achieved. "The crimes of bribery and bribe receiving are complete upon the requisite agreement or understanding; no further act, such as the actual transfer of money, is required.” (Donnino, Practice Commentary, McKinney’s Cons Laws of NY, Book 39, Penal Law art 200, at 454; see, People v Charles, 61 NY2d 321 [1984] [taking of official action unnecessary]; People v Arcadi, 79 AD2d 845, 846 [4th Dept 1980], affd on decision below 54 NY2d 981 [1981] ["The essence of the crime (of bribe receiving) is the agreement, and the results of the agreement are immaterial”].)
Here the defendant approached an employee of the District Attorney’s office whose official responsibilities included maintaining records which contained the names, addresses and phone numbers of witnesses in homicide cases. The defendant told the employee he needed a name and an address of a witness on a homicide case then before a Grand Jury, and offered her $250 for the information. Because she rejected the offer, the defendant cannot now be charged with the crime of bribery. If, however, she had accepted the offer, that crime would have been consummated with their agreement. Indeed, had she merely nodded her head affirmatively, the understanding the defendant could have inferred from the gesture would have been enough. Thus, his offer came very near to the commission of the crime and is sufficient to constitute an attempt. As in People v Trepanier (84 AD2d 374, 377 [4th Dept 1982], supra), "[h]e placed it within the power of [another person] to commit the offense unless interrupted, and, as such, brought the intended crime dangerously near to [completion].”
Even as the majority of the Court held in People v Tran (80 NY2d 170 [1992], supra), that an agreement or understanding is a necessary element of the crime of bribery, it recognized *780 that without such an agreement or understanding, an offer of a bribe may nonetheless constitute an attempt. The dissent in Tran argued that by focusing unnecessarily on the mens rea of the intended bribe receiver, the majority had wrongly introduced a requirement of "mutuality” for the criminal liability of the bribe giver. Where this mutuality was lacking, the dissent complained, the majority would declare innocent one who gives a bribe with intent to influence a public servant. (People v Tran, 80 NY2d, at 181-182.) The majority, however, rejected the dissent’s analysis, observing that in such a circumstance, the bribe giver would not necessarily be innocent since, "[ijronically, the crime of attempted bribery * * * either as a separate charge or lesser included count, may be proved when a prosecutor satisfies its burden of proof by a showing of only intent (see, Penal Law § 110.00).” (People v Tran, 80 NY2d, at 178.) Here the evidence was sufficient to establish that an offer of a benefit was made with just such an intent, and thus was legally sufficient to constitute the crime of attempted bribery in the third degree.
However, a different conclusion is required for the second count of the indictment, which charges the defendant with an attempt to commit the crime of unlawful Grand Jury disclosure, and alleges that he, "being a clerk * * * having official duties in or about a grand jury proceeding or room, did attempt to intentionally disclose to another, the nature or substance of grand jury testimony or any decision, result or other matter attending a grand jury proceeding, which is required by law to be kept secret, except in the proper discharge of his official duties or upon written order of the court.” Of course, Grand Jury proceedings are secret (CPL 190.25 [4] [a]) and the name of a Grand Jury witness is among those matters "attending a grand jury proceeding which is required by law to be kept secret.” (Matter of Goldberg v Extraordinary Special Grand Juries, 69 AD2d 1, 6 [4th Dept 1979], lv denied 48 NY2d 608.) Had the defendant disclosed the name of a Grand Jury witness under the circumstances as they appear from the Grand Jury record, he would clearly not have been acting "in the proper discharge of his official duties.”
The evidence before the Grand Jury indicates that the defendant did take steps to procure the name and address of a Grand Jury witness, and indicated that his purpose in doing so was to disclose it to Mr. Marchisello. Had the clerk who had access to the information obtained it and then provided it *781 to the defendant, he would have been in a position to engage in conduct constituting the crime of unlawful Grand Jury disclosure. However, she refused to provide the information to him, and what is more, took affirmative steps to prevent him from obtaining it himself. As a result, the conduct of the defendant as set forth before the Grand Jury did not come "dangerously close” to the commission of that crime, and, thus, is insufficient to constitute an attempt to commit it.[4]
Finding the identical evidence sufficient to constitute an attempt to commit the crime of bribery, but not sufficient to constitute the crime of unlawful Grand Jury disclosure, is neither illogical nor inconsistent. In People v Trepanier (84 AD2d 374 [4th Dept 1982], supra), the defendant’s conduct in soliciting and enabling the "arsonist” to burn his building, although enough to constitute an attempt to commit the crime of arson, was held insufficient to constitute an attempt to commit the larceny from the defendant’s insurance company the fire was meant to facilitate. Because the fire was never set, "it cannot be said that the crime of attempted grand larceny in the second degree came 'within dangerous proximity to the criminal end to be attained.’ ” (People v Trepanier 84 AD2d, at 380, quoting People v Werblow, 241 NY 55, 61 [1925].)[5]
The same may be said here about the crime of unlawful Grand Jury disclosure. The defendant simply never obtained the information the Grand Jury charged him with attempting to unlawfully disclose. When a person brings a crime "dangerously near to [completion]” by "plac[ing] it within the power” of another to commit it, that person may be found guilty of an attempt to commit that crime, even if the other person declines to complete it. (People v Trepanier, 84 AD2d, at 377, supra.) However, when a person does not have the power to commit the crime unaided, and that person’s request to another for that power is explicitly refused, he has not come *782 "dangerously near” to the completion of the offense and cannot be guilty of an attempt to commit it.
Accordingly, the first count of the indictment, charging the defendant with the crime of bribery in the third degree, is reduced to an attempt to commit that crime, and the motion to dismiss that charge, as so reduced, is denied. Pursuant to CPL 210.20 (6), within 30 days of the entry of this order the People must file a reduced indictment charging the defendant with the crime of attempted bribery in the third degree. The second count of the indictment, charging the defendant with the crime of attempted unlawful Grand Jury disclosure, is dismissed.
[Portions of opinion omitted for purposes of publication.]

. Tran (supra) in no way undermines the holding in Holmes (supra), since in Tran the Court of Appeals specifically observed that, "the statute disjunctively requires either a mutual ’agreement’ between the bribe maker and the public servant, or at least a unilateral ’understanding’ in the mind *777 of the bribe maker that the bribe will influence the public servant’s conduct.” (People v Tran, 80 NY2d 170,176 [1992].)

. Compare, People v Acosta, 80 NY2d 665, 671 ("A person who orders illegal narcotics from a supplier, admits a courier into his or her home and examines the quality of the goods has unquestionably passed beyond mere preparation and come 'very near’ to possessing those drugs”).

. See also, People v Duprey, 98 AD2d 110 (1st Dept 1983) (asking for four "C" meaning cocaine- and handing $19 to plainclothes police officer inside *779 apartment sufficient to constitute an attempt to possess narcotics, based upon belief that officer had narcotics to sell).

. Such conduct could, of course, be sufficient to establish the A misdemeanor of criminal solicitation in the fourth degree, Penal Law § 100.05 (1), which is committed by a person who, "with intent that another person engage in conduct constituting a felony * * * solicits, requests, commands, importunes or otherwise attempts to cause such other person to engage in such conduct.”

. Cf., People v Mahboubian, 74 NY2d 174 (1989), supra (where defendants themselves had broken into a warehouse and stolen property owned by one of them, the crime of attempted grand larceny had been committed even though they were caught before the loss was reported or an insurance claim was filed).