◾ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES SOUVENIR, Appellant. [618 NYS2d 447] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldstein, J.), rendered January 22, 1993, convicting him of bribe receiving in the third degree and official misconduct, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to establish his guilt of bribe receiving in the third degree and that the jury's verdict regarding that count was against the weight of the evidence is without merit.

Penal Law § 200.10 provides, in pertinent part: "A public servant is guilty of bribe receiving in the third degree when

he solicits, accepts or agrees to accept any benefit from another person upon an agreement or understanding that his vote, opinion, judgment, action, decision or exercise of discretion as a public servant will thereby be influenced". It is the defendant's state of mind that is controlling in determining whether there is an agreement or understanding *(see, People v Tran,* 80 NY2d 170; *People v Holmes,* 72 AD2d 1, 7). The results of the agreement or understanding are immaterial *(see, People v Tran, supra; People v Arcadi,* 79 AD2d 845, *affd* 54 NY2d 981). There is no requirement that the benefit actually be conferred *(see, People v Harper,* 75 NY2d 313, 316; *People v Cruz,* 180 AD2d 599).

Viewing the evidence in the light most favorable to the People, we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt *(see, People v Contes,* 60 NY2d 620). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

Contrary to the defendant's contention, the defendant was not entitled to a charge of attempted bribe receiving. Pursuant to Penal Law § 200.10 a person who solicits a bribe is guilty of the completed crime of bribe receiving. There can be no attempt at a solicitation crime, because solicitation is itself an attempt.

We have examined the defendant's remaining contention and find it to be without merit. Thompson, J. P., Balletta, Rosenblatt and Florio, JJ., concur.