■ In the Matter of LUIS O., a Person Alleged to be a Juvenile Delinquent, Appellant. [815 NYS2d 57]—

Order of disposition, Family Court, New York County (Susan R. Larabee, J.), entered on or about September 16, 2004, which adjudicated appellant a juvenile delinquent upon a fact-finding determination that he committed acts which, if committed by an adult, would constitute the crime of criminal facilitation in the fourth degree, and placed him on probation for 12 months, unanimously reversed, on the law, without costs, the fact-finding order vacated and the petition dismissed.

The presentment agency's evidence at the fact-finding hearing consisted of one witness, an undercover police officer. He testified that on March 18, 2004, he was assigned to conduct buy and bust operations. At about 1:00 P.M. he encountered appellant with another individual, later identified as appellant's cousin, Enrique Rosado. The officer asked if they had any "Manteqa," a street name for heroin. He recounted that Rosado

responded, "Yes, walk with me." According to the officer, a fourth individual approached them, and this man asked Rosado if he had "good stuff." The officer related that Rosado said yes, and then went into a bakery on Lexington Avenue, between 116th and 117th streets. Another man, later identified as appellant's cousin Alberto Torres, came out of the bakery and joined the group. When they all reached 117th Street, the unidentified man said he had to go to the ATM because he did not have cash. The undercover testified that Rosado told the appellant, "Go to the store. Make sure he doesn't call the cops, and watch him." He testified that appellant followed his cousin's directions. When they returned, the group started walking east, towards Third Avenue. The officer testified that he did not see appellant when he purchased the heroin from Rosado, as he was walking four or five feet behind them. The officer did not see the unidentified man purchase drugs.

Appellant, who was 14 at the time of the fact-finding hearing, testified in his defense. He stated that he is a seventh grade special education student at P.S. 811. He told the court that on March 18, 2004, he had left school early, with the permission of school staff and his grandmother, because he was upset after being hit by another student. At about 1:00 P.M., after exiting the subway, he was walking towards home, when he saw his cousin Enrique Rosado. Appellant testified that less than 10 seconds later, Rosado told him to "follow a guy." He said that he went with a man to the store with the ATM, and then walked back to where his cousin was standing. The next thing appellant remembered was that Rosado and his friend ran away, a car circled around him, and he was arrested. Torres, his other cousin, was in the police car.

At the close of evidence, appellant's counsel moved to dismiss the petition. The presentment agency countered that the evidence supported a finding that appellant had committed acts, which, if committed by an adult, would constitute the crime of criminal facilitation in the fourth degree (Penal Law § 115.00 [1]). The court granted the petition as to that claim. At the dispositional hearing, the court imposed a term of one year's probation. We reverse and dismiss the petition.

Viewing the record in the light most favorable to the presentment agency, we find that there was no "valid line of reasoning and permissible inferences" which could have led the court to conclude that appellant was guilty of committing acts which would constitute the crime of criminal facilitation in the fourth degree (see *People v Bleakley*, 69 NY2d 490, 495 [1987]; *Matter of Cory P.*, 240 AD2d 749 [1997]). Penal Law § 115.00 provides,

as relevant, that, "[a] person is guilty of criminal facilitation in the fourth degree when, believing it probable that he is rendering aid . . . to a person who intends to commit a crime, he engages in conduct which provides such person with means or opportunity for the commission thereof and which in fact aids such person to commit a felony."

There are three elements to the offense: (1) the actor must have had a belief that it was probable that he or she was rendering aid to a person intending to commit a crime; (2) he or she must have engaged in conduct which provided the means or opportunity for the commission of the crime; and (3) his or her conduct must have been such that it did, in fact, aid the other to commit a felony (*see People v Llanos*, 77 NY2d 866 [1991]; *People v Gordon*, 32 NY2d 62 [1973]).

Even assuming that the evidence was legally sufficient to establish the first two elements, the presentment agency failed to adduce legally sufficient evidence in support of the third element. In this regard, we note that there was no evidence that Rosado sold a controlled substance to the unidentified man (*Matter of Cory P., supra*). Nor was the evidence legally sufficient to establish that appellant facilitated the sale by Rosado to the undercover. By merely walking behind Rosado, appellant's conduct did not, in fact, aid Rosado to commit that felony. Given our conclusion that the evidence was legally insufficient, we need not address appellant's contention that the finding is against the weight of the evidence.

Accordingly, as the presentment agency failed to establish facts supporting the third element of criminal facilitation in the fourth degree, i.e., that Luis O. committed acts in furtherance of a felony, we reverse the order appealed, vacate the fact-finding order, and dismiss the petition (*id.*). Concur—Tom, J.P., Mazzarelli, Saxe, Nardelli and McGuire, JJ.