OPINION OF THE COURT
Michael R Sonberg, J.
Defendant, Louis Pignatello, is charged in an information with receiving unlawful gratuities, a class A misdemeanor, in violation of Penal Law § 200.35. The factual portion of the information alleges that, on or about October 29, 2004, in Bronx *834 county, defendant, while an employee of the Department of Environmental Protection, took $60 United States currency from an undercover agent as an unlawful gratuity.
Following a Wade hearing on January 24, 2007, the People moved to reduce the charge to attempted receiving unlawful gratuities (Penal Law §§ 110.00, 200.35). Defendant opposed the motion claiming: (1) such a crime is hypothetical in that it is impossible of commission, (2) the court lacks jurisdiction to prosecute defendant for a hypothetical crime, and (3) reducing the charge to a class B misdemeanor would deprive defendant of his right to a jury trial in violation of due process of law.
Defendant’s last argument is swiftly rejected as prosecutors have almost unfettered discretion in determining how, when and whom to prosecute. (United States v Lovasco, 431 US 783 [1977]; People v Zimmer, 51 NY2d 390 [1980]; People v Di Falco, 44 NY2d 482 [1978].) Defendant’s remaining arguments, however, merit further discussion as prosecutorial discretion is limited when reducing charges. A court may permit the People to reduce a charge to a lesser offense, such as an attempt, even where the factual allegations would support the greater completed crime, as long as the reduced charge is not “illogical or impossible under any statement of facts.” (People v Williams, 120 Misc 2d 68, 71 [Crim Ct, Bronx County 1983].) The courts, however, will not countenance the prosecution of “hypothetical crimes.” (People v Martinez, 81 NY2d 810 [1993]; People v Howlett, 76 Misc 2d 801 [App Term, 1st Dept 1973]; People v Sajous, 173 Misc 2d 55 [Nassau Dist Ct 1997]; People v Diaz, 146 Misc 2d 260 [Crim Ct, Bronx County 1990].)
On the other hand, when a crime is of a type that is impossible to attempt, a defendant may still plead guilty to the otherwise nonexistent attempt in the context of a bargained for plea, where the court is permitted to accept a negotiated plea to a hypothetical lesser offense. (People v Foster, 19 NY2d 150 [1967]; People v Daniels, 237 AD2d 298 [2d Dept 1997]; see also People v Johnson, 89 NY2d 905 [1996].)
The issue here is whether the reduced charge of attempted receiving unlawful gratuities is proper. In reviewing cases interpreting statutes with similar wording, it is apparent that the crime of receiving unlawful gratuities encompasses the attempt to commit this crime, rendering improper the reduction of this charge to an attempt.
The Court of Appeals has held that if a crime is defined in the nature of an attempt, whether or not the statute contains the *835 word “attempt,” an attempt to commit such a crime is nonexistent. In other words, a defendant cannot attempt to commit a crime whose very definition includes the attempt to commit that crime or where “the statutory definition of the essence of the crime is the attempt to do a certain act.” (People v Jelke, 1 NY2d 321, 330 [1956].)
For example, a defendant cannot be charged with attempted resisting arrest (People v Howlett, supra), or attempted obstruction of governmental administration (People v Schmidt, 76 Misc 2d 976 [Crim Ct, Bronx County 1974]), because the statutory definition explicitly includes an attempt (Penal Law §§ 205.30, 195.05). Nor can a defendant be charged with attempted intimidating a witness in the third degree, in violation of Penal Law § 215.15 (1) (People v Diaz, 146 Misc 2d 260 [Crim Ct, Bronx County 1990]), or attempted tampering with a witness in the third degree, in violation of Penal Law § 215.11 (People v Sajous, 173 Misc 2d 55 [Nassau Dist Ct 1997]), because each of those definitions likewise includes the attempt in the completed crime. Nor can a defendant be charged with attempted jostling, even though Penal Law § 165.25 does not mention attempt, because the completed crime itself is in the nature of an attempt. (People v Lynn, 115 Misc 2d 76 [App Term, 2d Dept 1982].) Similarly, a defendant cannot be charged with attempted unlawful practice of a profession, in violation of section 7802 of the Education Law, because that statute prohibits an unlicensed person who “practices or offers to practice or holds himself out as being able to practice” (Education Law § 6512 [1]), thus encompassing the attempt in the completed crime. (People v Carrabotta, 2 Misc 3d 685 [Crim Ct, Queens County 2003].)
The People argue that the language of section 200.35 does not include the word “attempt,” and that the crime is not in the nature of an attempt. That argument is premised on the statutory language of Penal Law § 200.00 (bribery in the third degree) and on the Second Department’s recent decision in People v Aranbayev (35 AD3d 873 [2d Dept 2006]), where defendant’s conviction of attempted bribery in the third degree was affirmed.[1] The People also rely upon the decision in People v Sanoguet (157 Misc 2d 771 [Sup Ct, Bronx County 1993]), where the court, on a motion to dismiss or reduce, directed that the charge of bribery in the third degree be reduced to the attempt to commit that crime.
*836 That argument ignores the difference in the language between the crimes of receiving unlawful gratuities and ones related to bribery and bribe receiving. The essence of the crime of receiving unlawful gratuities is the action of the public servant in soliciting, accepting or agreeing to accept a benefit. He or she need not actually receive the gratuity in order to have committed the crime; the crime is complete upon the solicitation or agreement to accept. The essence of the crimes of bribery or bribe receiving, on the other hand, “is not the payment of money, but rather the ‘agreement or understanding’ under which a witness accepts or agrees to accept a benefit.” (People v Harper, 75 NY2d 313, 317 [1990]; see also People v Bac Tran, 80 NY2d 170, 177-178 [1992].) Those crimes are complete when an agreement or understanding has been achieved, at least in the mind of defendant; the bribe giver or the bribe receiver, as the case may be, has, however, attempted to commit that crime by the mere offer or solicitation of the bribe.
Thus, in People v Sanoguet (supra), the defendant approached an employee of the Bronx District Attorney’s office whose official duties included maintaining records containing the names, addresses and phone numbers of witnesses in homicide cases. Defendant asked the employee to disclose the name and address of a witness on a homicide case then before a grand jury and offered her $250, which she rejected. Because the employee rejected the offer, defendant could not be charged with the crime of bribery; however, because his offer came very near to the commission of the crime, it was sufficient to constitute an attempt. Had the offer been accepted, the crime would have been consummated, regardless of whether the bribe was paid or the information disclosed. (See also People v Charles, 61 NY2d 321 [1984].)
Regardless of whether both the bribe giver and the bribe receiver intend to go ahead with either the payment or the conduct, each has committed a completed crime upon offer or solicitation and agreement. Thus the person placed under arrest who offers a police officer money in exchange for releasing him has committed bribery the moment the officer accepts, even if that acceptance occurs when the officer is wearing a recording device and has no intention of following through; if the officer rejects the offer out of hand, however, there has only been an attempt to commit the crime of bribery because there was never an agreement to take action. (People v Holmes, 72 AD2d 1 [1st Dept 1979].)
*837 The difference between a bribe and an unlawful gratuity lies in the relationship between the benefit and the official action. A bribe requires a prior agreement or understanding that the benefit, or its offer or solicitation, will influence official action, i.e., a quid pro quo. In contrast, an unlawful gratuity is a “tip” for official action already taken. (People v Graham, 57 AD2d 478 [4th Dept 1977]; see also, Greenberg, Marcus, Fahey and Cary, New York Criminal Law § 21:2, at 845 [6 West’s NY Prac Series 2002].)
In United States v Sun-Diamond Growers of Cal. (526 US 398 [1999]), the Supreme Court, in construing the general federal bribery and gratuity statutes,[2] explained the distinction between bribery — influencing—and illegal gratuity — rewarding — as follows: the distinguishing feature of each crime is its intent element. Bribery requires an intent “to influence” an official act or “to be influenced” in an official act, while illegal gratuity requires only that the gratuity be given or accepted “for or because of’ an official act (18 USC § 201 [b] [1] [A]; [c] [1] [A]). More specifically, bribery involves the giving of value to procure a specific official action from a public official (United States v Myers, 692 F2d 823 [2d Cir 1982]) whereas the element of a quid pro quo or a direct exchange is absent from the offense of receiving an unlawful gratuity. In order to be a bribe, a benefit must be connected to an agreement or understanding. Thus, the bribe giver or bribe receiver must have knowledge both of the benefit and of the terms upon which it was offered or solicited.
Under Penal Law § 200.35, “A public servant is guilty of receiving unlawful gratuities when he solicits, accepts or agrees to accept any benefit for having engaged in official conduct which he was required or authorized to perform, and for which he was not entitled to any special or additional compensation.” Penal Law § 110.00 provides that “[a] person is guilty of an attempt to commit a crime when, with intent to commit a crime, he engages in conduct which tends to effect the commission of such crime.” The operative language in section 200.10, bribe receiving in the third degree, is similar to that of section 200.35; section 200.10 provides that “[a] public servant is guilty of bribe receiving in the third degree when he solicits, accepts or agrees to accept any benefit from another person upon an agreement or understanding that his vote, opinion, judgment, action, *838 decision or exercise of discretion as a public servant will thereby be influenced” (emphasis added).
Thus, as with bribery, the crime of bribe receiving is complete upon the solicitation and agreement; if there is an “attempt” crime, it is when there is a solicitation of a bribe without an agreement that the public servant’s action will be influenced. Where there is an apparent agreement, the defendant’s state of mind being controlling, it is immaterial whether the benefit is conferred. As the Second Department held in People v Souvenir (209 AD2d 455 [2d Dept 1994]), the solicitation of a bribe is itself an attempt; thus, if there is an agreement, the fact that the bribe was never paid does not entitle a defendant to a charge down to the attempted crime. It is only in the Sanoguet situation, where there is no agreement, that there can be an attempt to commit the crimes of bribery or bribe receiving.
With respect to section 200.35, it is therefore apparent that there can be no attempt to receive an unlawful gratuity. A defendant must “solicit, accept or agree to accept” a benefit in order to commit this crime. The public servant’s official conduct has already occurred, prior to his or her solicitation, acceptance or agreement to accept a benefit; it having already happened, there can be no attempt with respect to that portion of the crime. And since an agreement to accept is, in other words, an attempt to accept a benefit, and since a solicitation is an attempt to receive a benefit, the crime is complete as soon as the defendant asks for or agrees to accept a benefit. Because section 110.00 requires an attempt to intend to commit a crime, it is impossible to attempt to intend to solicit or attempt to intend to agree to accept, and, as a result, attempted receiving unlawful gratuities is a hypothetical crime and cannot be charged.
Accordingly, the People’s application to reduce the charge of receiving unlawful gratuities, in violation of Penal Law § 200.35, to the attempt to commit the crime of receiving unlawful gratuities, in violation of Penal Law §§ 110.00 and 200.35, is denied in all respects.

. As there is absolutely no indication that the propriety of the “attempt” charge was raised or considered by the Appellate Division, that decision is of no value in considering the issues on this application.

. 18 USC § 201 (b) (1) (A); (c) (1) (A).