Per Curiam.

The trial court’s implicit acceptance of the police officer’s testimony supports a finding that defendant’s spoken accusation of crime, levelled against the police officer in a public place, together with the technical battery of placing his finger on the officer’s chest and then reaching for the police officer’s pocket, evinced an intention and constituted an attempt to carry out an unlawful citizen search (if not seizure) by force of the person of the police officer, albeit not in violation of a constitutionally protected right. Whether these rapidly unfolding acts of defendant be regarded as a course of conduct under subdivision 5 of section 240.25 of the Penal Law, as specifically enumerated in the information, or a 11 petty battery and attempted battery ” such as subdivision 1 of section 240.25 was designed to cover (see Practice Commentary, McKinney’s Cons. Laws of N. Y., Book 39, Penal Law, § 240.25, p. 159) is immaterial (People v. Todaro, 26 N Y 2d 325 ; People v. Love, 306 N. Y. 18 ; People v. Jacoby, 304 N. Y. 33 ; People v. Adler, 174 App. Div. 301). There can be no doubt that such conduct supports an inference of intent to harass, annoy or alarm and *208 subjected, or was an attempt to subject, the police officer to offensive physical contact and did in fact alarm or seriously annoy the police officer to no lawful purpose.
On the record there is adequate credible evidence to support the trial court’s finding of guilt of violation of section 240.25 of the Penal Law under the first or fifth subdivision of that section, or both, as concisely and substantially factualized in the information.
The judgment of conviction should be affirmed.
Concur — Qtjinn, J. P., and Gold, J.; Markowitz, J., concurs in the result upon the constraint of People v. Todaro (26 N Y 2d 325) and People v. Carcel (3 N Y 2d 327).
Judgment affirmed.