Robert M. Haft, J.
On October 23, 1971 at about 5:00 p.m. on a crowded sidewalk in midtown Manhattan, a uniformed police officer was attempting to .serve a summons to a peddler who had set up a belt rack on the sidewalk opposite Bloomingdale’s department store; the peddler, without benefit of license, was purveying his belts to the passing throng. The defendant, a passer-by, observing the incident, opined that the peddler was being unjustly harassed by the policeman for doing nothing more heinous than engaging in his constitutional right of free enterprise.
Warming to his self-appointed role in defense of the peddler, the defendant promptly accused the officer of accepting bribes from Bloomingdale’s, presumably to prevent competition, a charge to which, understandably, the officer may have been sensitive, considering that at this very time the Knapp Commission on police corruption was investigating alleged corrupt police practices in New York City amidst considerable public concern and indignation. Thus harangued, the officer turned his attention from the peddler to the defendant and thereupon placed the latter under arrest for harassment. Although some pushing and shoving between the officer and the defendant may have occurred at about this time, there was no intentional battery committed by the defendant on the officer’s person. Upon the foregoing facts adduced at defendant’s trial in Part AP9 of this court, the determination to be made here is whether offensive language addressed to a police officer during the legitimate performance of his duties, and clearly uttered with intent to annoy him, constitutes the crime of harassment (Penal Law, § 240.25) with which defendant was charged.
Section 240.25 provides, in pertinent part, as follows:
1 ‘ A person is guilty of harassment when, with intent to harass, annoy or alarm another person: * * *
“2. In a public place, he uses abusive or obscene language, or makes an obscene gesture; or * * *
‘ ‘ 5. He engages in a course of conduct or repeatedly commits acts which alarm or seriously annoy such other person and which serve no legitimate purpose.
“Harassment is a violation.”
This statute was enacted in 1965 ostensibly to cover those wrongs and annoyances which neither rise to the level of assault (Penal Law, § 120.00) nor are intended or calculated to produce public disorder so as to constitute disorderly conduct (Penal Law, § 240.20). Although broad in scope, this *922 and similar statutes ¡have been found to be within the Legislature’s power to prohibit a wide variety of disruptive conduct, including words which plainly tend to incite the addressee to a breach of the peace. (See Chaplinsky v. New Hampshire, 315 U. S. 568 [1942].) Thus, a relatively minor battery or utterance of obscenities or ‘ ‘ fighting words ” to a complainant, though without physical injury, can be prosecuted as an harassment; but does an insult or obscenity, or, indeed, as here, accusation of crime, directed at a police officer, absent physical trespass to his person, constitute harassment?
In People v. Todaro (26 N Y 2d 325 [1970]) the Court of Appeals considered for the first time .the application of section 240.25 of the Penal Law to offensive speech. Defendant had been arrested for disorderly conduct and placed in a patrol car, whereupon he told the arresting officer, “I’ll get you for this ”, which threat formed the basis for an harassment charge of which defendant was convicted. Reversing that conviction, the court stated (p. 330): “Something more must be established than that a teenager, angered or annoyed at being arrested upon what he considered to be insufficient grounds, expressed his anger or annoyance in terms of apparent bravado, particularly in the absence of proof of any further words or acts tending to confirm the criminal nature of. the act charged.”
The recent case of People v. Hare (66 Misc 2d 207 [App. Term, 1st Dept., 1971]) presented a fact pattern much like the case at bar in that the defendant there accused a police officer of accepting a bribe, allegedly to prevent the issuance of a traffic summons. But, in Hare, unlike our case, there was also evidence of a technical battery — defendant’s putting his finger -on the officer’s chest while reaching for the pocket in which the bribe money allegedly reposed — upon which the court relied heavily in finding the defendant guilty of harassment.
The issue can be said to be whether the offensive language directed at the police officer over a brief period of time is a substantial interference with Ms rights as a “ reasonable man”, not a supersensitive or hypercritical individual. (See People v. Harvey, 307 N. Y. 588, 592 [1954].) This court concludes that the offensive speech directed at the police officer, neither accompanied by a physical battery nor being of a continuous and repetitive nature so as to amount to a course of conduct, does not support a charge of harassment. Defendant is, accordingly, acquitted.
*923 In reaching the foregoing decision, .the court by no means condones defendant’s actions in this case. Although it is here held that a police officer must make himself insensitive to the abusive and obscene epithets which this court will take notice are hurled at him almost routinely, the officer here, at a most sensitive time, under difficult circumstances, was trying to perform an assigned task. At the very least, the police officer should be given the same degree of co-operation and freedom from abuse from the citizens he serves, as he is duty bound to give to them.