Louis Schifriet, J.
On June 28,1973, at 1:30 a.m., the defendant was arrested in her home, charged with obstructing governmental administration (Penal Law, § 195.05); resisting arrest (Penal Law, § 205.30) and harassment (Penal Law, § 240.25). In due course, a preliminary hearing was had and the defendant was held for trial and upon her demand a trial by jury was ordered. In the jury part, on November 23, 1973, and prior to trial, on the Assistant District Attorney’s motion, the misdemeanor charges were reduced to attempted obstruction of governmental administration (Penal Law, §§ 110.00, 195.05) and attempted resisting arrest (Penal Law, §§ 110.00, 205.30), the original charge of harassment (§ 240.25) was retained, and no charge being in higher grade than a class B misdemeanor, the case was referred to me for trial without a jury.
*977 The facts are not in substantial dispute. The police had in custody Donald, the 12-year-old son of the defendant, on suspicion of an offense which, if committed by an adult, would constitute burglary. In accordance with proper police procedure, Sergeant Carpino telephoned the defendant about 10:30 p.m. and told her that the boy would be released to her custody if she would sign a personal recognizance undertaking to produce the boy at the Family Court at a place and time specified. He also told her that another son, Anthony, aged nine years, had been implicated in the charge and that the police would have to take him into custody, unless she signed a personal recognizance as to him as well. To accommodate her, so that she would not have to leave her home at that early hour, Patrolman Cooper accompanied the 12-year-old to the defendant’s home, where she received him.
At this point, she refused to sign the personal recognizance for the 12-year-old (although ultimately she did) and not only refused to sign the personal recognizance for the 9-year-old but refused to permit the police officer to take the boy into custody.
A telephone call brought Sergeant Carpino to the home, where at about 1:30 a.m. the events, which are the subject of the complaint, took place.
The defendant refused to sign the recognizances for either child, put her hand across the door of the bedroom and refused to let them in to get Anthony. The police officer evidently attempted to arrest her and when he put his hand on her arm (she said he twisted her arm) she complained of “ police brutality ’ ’ and he removed his hand.
Then ensued the following testimony of Sergeant Carpino:
“ Q. (By A. D. A.) Did there come a time that you attempted to arrest the defendant?
“ A. I then, after deliberating some more, I began walking to the bedroom where I knew Anthony was. She barred the door with her body and said you can’t come in here; you can’t arrest him; you’re not getting in here. I took her by the arm. She began to struggle. I held her arms and ordered her handcuffed. I then ordered one of my Police Officers to take her out, she was under arrest.
“ Q. Did you have any difficulty placing her under arrest?
“ A. She was struggling when I held her.
“ Q. When you say ‘ struggling ’, what are you saying?
“ A. Trying to break loose.”
A bargained plea to a lesser crime makes unnecessary a factual basis for the particular crime confessed, and a plea of guilty *978 is, therefore, permitted to a “ hypothetical ” crime. (People v. Lynn, 28 N Y 2d 196; People v. Foster, 19 N Y 2d 150; People v. Griffin, 7 N Y 2d 511.) Except for plea purposes, the court cannot countenance hypothetical crimes under any circumstances and particularly where they are created by the District Attorney to deprive a defendant of her right to a trial by jury in violation of due process of law.
“ A person is guilty of an attempt to commit a crime when, with intent to commit a crime, he engages in conduct which tends to effect the commission of such crime.” (Penal Law, § 110.00, italics supplied; People v. Moran, 123 N. Y. 254; People v. Foster, 19 N Y 2d 150, supra; People v. Falu, 37 A D 2d 1025; People v. Brown, 21 A D 2d 738.)
The statutory definitions of the crimes of resisting arrest (§ 205.30) and obstructing governmental administration (§ 195.05) include acts which are, in their very nature, attempts. Therefore, there cannot be an attempt to commit a crime which is itself a mere attempt to do an act or accomplish a result. (People v. Jelke, 1 N Y 2d 321; Commonwealth v. Willard, 179 Pa. Super. Ct. 368; 22 C. J. S. Criminal Law, § 74; State v. Hewett, 158 N. C. 627.)
In the case of People v. Jelke (supra, p. 330) the court held:
“ If * * * the statutory definition of the essence of a crime is the attempt to do a certain act, the crime is committed regardless of whether or not the act is performed * * * So long as the statute defines the crime as consisting in the attempt, the crime is committed if the attempt is made, regardless of whether it is successful and even regardless of whether the objective would be criminal apart from the attempt.”
In the recent case of People v. Howlett (76 Misc 2d 801), the Appellate Term, First Department, held:
“ Defendant was entitled to a trial by jury on a charge of resisting arrest (Penal Law, § 205.30). It was error to reduce the charge, on the People’s motion, to a hypothetical charge of attempted resisting arrest (Penal Law, §§ 110.00, 205.30) which. deprived him of the right to a jury, in violation of due process of law. ’ ’
In the face of the latter decision, the Assistant District Attorney has, with commendable candor, advised the court that the People concede that a conviction upon the charge of attempted resisting is improper, but asserts that by delving somewhat into semantics, a different conclusion should be reached with respect to the charge of attempted interference with governmental administration. The court does not agree with the *979 semantics employed and finds that attempted interference with governmental administration is a hypothetical charge, and moreover that the reduction of the original charge to an attempt to deprive the defendant of her right to a jury trial is in violation of due process of law.
The charges of attempted resisting arrest and attempted obstruction of governmental operation are accordingly, dismissed.
This brings us to the remaining charge of harassment. The Assistant District Attorney asserts that under either subdivision 1 or subdivision 5 of section 240.25 of the Penal Law the defendant should be found guilty.
The statute, so far as applicable here, provides:
“ A person is guilty of harassment when, with intent to harass, annoy or alarm another person:
“ 1. He strikes, shoves, kicks or otherwise subjects him to physical contact, or attempts or threatens to do the same; or * * *
“ 5. He engages in a course of conduct or repeatedly commits acts which alarm or seriously annoy such other person and which serve no legitimate purpose.”
The evidence does not establish beyond a reasonable doubt that the defendant struck, shoved, kicked or subjected the officer to physical contact, nor does it establish that she attempted or threatened to do so. Similarly, it cannot be said that in this one incident in the defendant’s home she engaged in a course of conduct or repeated acts which are proscribed by the statute (Penal Law, § 240.25, subd. 5; People v. Rubicco, 30 N Y 2d 897; People v. Smolen, 69 Misc 2d 920).
Moreover, the violation of harassment requires proof of an intent to harass, annoy or alarm (People v. Moyer, 27 N Y 2d 252). The People have failed to sustain its burden of proving beyond a reasonable doubt that the defendant by her conduct intended to harass, annoy or alarm the police officers. Rather, her intent seems to have been to prevent the police officers from taking her 9-year-old son from her home at 1:30 a.m.
The defendant is acquitted on all counts.