OPINION OF THE COURT
Michael J. Obus, J.
 Defendant, Richard Diaz, moves to dismiss an information charging him with attempted intimidating a witness in the third degree (Penal Law §§ 110.00, 215.15 [1]) and menacing (Penal Law § 120.15), claiming that the former offense is a "legal impossibility” and the latter is unsupported by the facts alleged in the accusatory instrument. The court is compelled to agree.
I.
This criminal proceeding commenced with the filing of a felony complaint, dated November 26, 1988, accusing defendant, inter alia, of the class E felony of intimidating a witness in the third degree. It alleged that on November 14 and 25, 1988, defendant threatened to "cut off Ismael Ramos’ head and shoot him if he cooperated with the police” regarding an incident involving an injury to Ramos’ son. After filing two superseding complaints alleging the same felony, the People successfully moved to reduce this charge to the purported misdemeanor of attempted intimidating a witness in the third degree. The instrument, signed by Mr. Ramos, was then deemed an information.
Penal Law § 215.15 provides in pertinent part:
"A person is guilty of intimidating a victim or witness in the third degree when, knowing that another person possesses information relating to a criminal transaction and other than in the course of that criminal transaction or immediate flight therefrom, he:
"1. Wrongfully compels or attempts to compel such other person to refrain from communicating such information to any court, grand jury, prosecutor, police officer or peace officer by means of instilling in him a fear that the actor will cause physical injury to such other person or another person” (emphasis added).
In view of the italicized language above, the accusatory instrument in its present reduced form effectively accuses the defen *262 dont of attempting to attempt to compel Mr. Ramos to refrain from communicating with the police.
Without question, the decision whether to prosecute and, if so, the determination of what charges are to be pursued, are matters appropriately left to sound prosecutorial discretion. (See, People v Zimmer, 51 NY2d 390, 394 [1980]; People v Di Falco, 44 NY2d 482, 486 [1978].) Furthermore, on the People’s motion, a court may permit the reduction of a charge to a lesser offense, such as an attempt, even where the factual allegations would support the greater completed crime, as long as the reduced charge is not "illogical or impossible under any statement of facts” (People v Williams, 120 Misc 2d 68, 71 [Crim Ct, Bronx County 1983]). But except in the context of a bargained-for guilty plea (see, People v Francis, 38 NY2d 150, 155 [1975]; People v Foster, 19 NY2d 150, 153 [1967]), the courts will not countenance the prosecution of "hypothetical” crimes, such as those in which the defendant is accused of attempting to commit what is itself an inchoate offense.
Thus, in People v Howlett (76 Misc 2d 801 [App Term, 1st Dept 1973]), the court reversed a conviction for attempted resisting arrest and dismissed that count of the complaint, holding that it was error to reduce the original charge of resisting arrest (Penal Law § 205.30), which by definition encompasses an attempt, to this "hypothetical charge”. On authority of Howlett (supra), the defendant in People v Schmidt (76 Misc 2d 976, 978 [Crim Ct, Bronx County 1974]) was acquitted after a bench trial of the reduced charges of attempted resisting arrest and attempted obstructing governmental administration (Penal Law § 195.05) on the ground that "there cannot be an attempt to commit a crime which is itself a mere attempt to do an act or accomplish a result.” And in People v Lynn (115 Misc 2d 76, 77 [App Term, 2d Dept 1982]), the court quoted the above language from Schmidt (supra) in concluding that as the crime of jostling (Penal Law § 165.25) is itself an inchoate theft offense, there is "no such crime as attempted jostling.”
Most recently, in People v Campbell (72 NY2d 602 [1988]), the Lynn decision (supra) was cited with approval by the Court of Appeals in dismissing the defendant’s conviction for the purported crime of attempted assault in the second degree under Penal Law § 120.05 (3). Recognizing that a violation of that subdivision does not require actual interference with the performance of an official duty, but only an intention to *263 interfere, the court concluded that the People’s position in support of the judgment "would call for an attempt to intend to interfere, a seeming impossibility” (supra, at 607). (See also, King v State, 339 So 2d 172 [Fla 1976]; Allen v People, 175 Colo 113, 485 P2d 886, 888 [1971].)
In the instant matter, the People "initially concede that there cannot be under New York law an attempt to attempt a crime.” They further "admit” that "the reduction would have been improper” had the factual part of the information alleged that the defendant merely attempted to compel a witness not to communicate with the police. They nevertheless contend that, as Penal Law § 215.15 (1) provides for a completed offense as well as an attempt, and as the information alleges that the witness was in fact compelled, the People should not be precluded from "reducing the charge to the attempted completion of the crime.”
The People offer no authority in support of this novel contention, which runs counter to the reasoning in Howlett (supra) and Schmidt (supra). Both of these cases address statutes proscribing in the alternative attempted and completed acts, and both turn not on whether the particular defendant was initially alleged to have succeeded in his attempt, but rather on whether the statutory language would tolerate a reduction like the one at issue here. Moreover, acceptance of the People’s position would lead to the anomalous result that a defendant initially accused of actually compelling a witness not to communicate with the police might benefit from a reduction of the charge, while one who faced the same felony charge from the outset on a theory of attempt could not.
In any event, even under the People’s legal theory the accusation at bar would not be susceptible to reduction to an attempt. Although the word "attempt” curiously fails to appear in? any of the string of accusatory instruments filed herein, it is apparent from the fact that all of the instruments are either based on information supplied to a detective by Ismael Ramos or signed by Mr. Ramos himself, that it has never been alleged that the defendant succeeded in intimidating him. Indeed, on the second occasion that threats were made to Mr. Ramos, defendant was being arrested on Ramos’ complaint about the first.
Notwithstanding the People’s strained interpretation of one dictionary definition of the term "compel” ("to drive or urge *264 forcefully or irresistably”),* the utterance of a completed threat does not necessarily establish the element of actual compulsion. That the Legislature understood and intended "compel” to denote an aspect of causation is evident not only from its plain meaning, but from its context in this statute which, precisely because it includes the language "attempts to compel”, treats a threat to a witness as equally grave whether it succeeds in securing his silence or not. (Cf., People v Discala, 45 NY2d 38 [1978] [on basis of completed threat, defendant properly convicted of attempting to violate Penal Law § 135.65, under which a person is guilty of coercion in the first degree when he "compels or induces” a person to engage in certain conduct].)
Accordingly, as the Legislature has chosen to include the attempt to intimidate a victim or witness within the ambit of Penal Law § 215.15 (1) (and as that has always been the theory of prosecution in this case), the reduction of such charge to an attempt to commit that offense, a hypothetical crime, is improper.
II.
The People also concede that the verbal threats attributed to defendant in the information do not constitute a sufficient allegation of "physical menace” to support the charge of menacing. (See, People v Stephens, 100 Misc 2d 267 [Dist Ct, Suffolk County 1979]; Donnino, Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law § 120.15, at 476.) Furthermore, as these th/eats were contingent on the complainant’s future cooperation with the police, they cannot be said to have been intended to engender the fear of "imminent” serious physical injury contemplated by Penal Law § 120.15. (See, People v Vazquez, 136 Misc 2d 1057 [Crim Ct, NY County 1987].)
Therefore, for all of the above-stated reasons, the information is dismissed in its entirety.

 Webster’s Ninth New Collegiate Dictionary 268 (1983).