OPINION OF THE COURT
Peter B. Skelos, J.
The defendant is charged in the information with violations of section 100.05 (1) of the Penal Law (criminal solicitation in *56 the fourth degree) and sections 110.00 and 215.11 (1) of the Penal Law (attempted tampering with a witness in the third degree). Previously, by written motion, the defendant moved, inter alia, for dismissal of the second count of the information pursuant to CPL 170.30, 170.35, 100.15 and 100.40. That motion was denied in a written decision by a Judge who is no longer sitting in this court.
The trial of this criminal proceeding commenced with jury selection on February 19, 1997. At the close of the People’s case, the defendant moved for a trial order of dismissal (see, CPL 290.10 [1]). The court reserved decision. Among the arguments made by defense counsel was that the People failed to establish a prima facie case as to each count of the information. In addition, the defendant moved for dismissal upon the ground that the second count of the information was an improper charge, citing People v Diaz (146 Misc 2d 260).
On a motion for a trial order of dismissal, the court must view the evidence in the light most favorable to the People (see, People v Vasquez, 142 AD2d 698, 700, lv denied 72 NY2d 1050). The court may only determine whether or not competent evidence exists, which, if true, would establish every element of the offense (see, CPL 70.10 [1]; People v Vasquez, supra).
With respect to the first count of the information, viewing the evidence in this light, the court finds that the People have, prima facie, established all of the elements of the crime of criminal solicitation in the fourth degree. Accordingly, the defendant’s motion to dismiss the first count of the information is denied.
The second count must, however, be analyzed from a different perspective. The court treats that portion of the defendant’s motion to dismiss at the conclusion of the People’s case, upon the ground that the second count of the information contains an improper charge, as a motion to dismiss pursuant to CPL 170.30 (1) (f) in that there is some legal impediment to conviction of the defendant for the offense charged. The court is cognizant that a motion pursuant to CPL 170.30 should be made within 45 days after arraignment and before the commencement of the trial (see, CPL 255.20 [1]). The court, however, elects to exercise its discretion in the interests of justice to dispose of the motion on the merits (see, CPL 255.20 [3]).
In charging the defendant with attempted tampering with a witness in the third degree pursuant to Penal Law §§ 110.00 and 215.11, the factual allegations of the second count allege *57 as follows: "From on or about the 1st day of May, 1996, to on or about the 15th day of May, 1996, in the County of Nassau, State of New York * * * the defendant, an attorney representing Jamal Walters on charges pending in Nassau County Court, attempted to prevent Adolpho Smith from testifying against Walters by engaging Gilbert Pagan to threaten Smith with a physical injury should Smith testify.”
For the purposes of this portion of the motion only, the court assumes those allegations to have been proven by the testimony on the People’s case-in-chief. The court notes, however, that there are no allegations, nor any proof, whatsoever, that Adolpho Smith was either actually threatened or that he sought to avoid appearing or testifying in court as a result, directly or indirectly, of any act of the defendant.
Pursuant to Penal Law § 110.00, a person is guilty of an attempt to commit a crime when, with the intent to commit a crime, he engages in conduct which tends to effect the commission of a crime.
Penal Law § 215.11 provides that a person is guilty of tampering with a witness in the third degree when, knowing that a person is about to be called as a witness in a criminal proceeding: 1. He wrongfully compels or attempts to compel such person to absent himself from, or otherwise to avoid or seek to avoid appearing or testifying at such proceeding by means of instilling in him a fear that the actor will cause physical injury to such person or another person.
The statutory definition of criminal tampering with a witness in the third degree includes acts which are, in their very nature, attempts (cf., People v Schmidt, 76 Misc 2d 976). By definition, the crime is committed if the attempt is made and regardless of whether or not it is successful (cf., People v Jelke, 1 NY2d 321, 330).
Thus, the second count of the accusatory instrument effectively accuses the defendant of attempting to attempt to compel Adolpho Smith to avoid testifying in court (cf., People v Diaz, 146 Misc 2d 260, 261-262, supra).
The courts will not countenance the prosecution of "hypothetical” crimes (see, People v Diaz, 146 Misc 2d, supra, at 262, citing People v Francis, 38 NY2d 150, 155; People v Foster, 19 NY2d 150, 153). The question, whether the charge "attempted tampering with a witness in the third degree” is a hypothetical crime, appears to be one of first impression. Nevertheless, the answer is apparent from a reading of several cases interpreting statutes with similar wording.
*58 People v Diaz (supra) is the most analogous in that the defendant was charged with "attempting to intimidate a witness in the third degree”. The operative language of Penal Law § 215.15 (1) is virtually identical to that of Penal Law § 215.11 (1). The principal distinction between the two sections being that Penal Law § 215.15 (1) was meant to protect victims prior to them actually becoming witnesses in a criminal proceeding, whereas Penal Law § 215.11 (1) protects those who have acquired witness status (see, People v Delgado, 143 AD2d 1033, 1034). Notwithstanding the absence of the word "attempt” in the Diaz accusatory instrument, and the lack of any allegation that the defendant succeeded in intimidating the victim, the court held that the charge attempted intimidation of a witness was an improper charge and the information was dismissed (see, People v Diaz, at 264).
In People v Schmidt (supra), the court held that the crimes of resisting arrest (Penal Law § 205.30) and obstructing governmental operation (Penal Law § 195.05) are crimes which, by definition and their very nature, include attempts. Accordingly, the court dismissed the charges of attempted resisting arrest and attempted obstruction of governmental operation (People v Schmidt, 76 Misc 2d 976, supra; see also, People v Howlett, 76 Misc 2d 801).
The crime of attempt to commit a crime requires the People to establish that it was the defendant’s intent to carry out a specific crime (see, People v Bracey, 41 NY2d 296, 299, rearg denied 41 NY2d 1010). Thus, for the crime charged, the People would be required to prove that the defendant intended to attempt to compel Adolpho Smith not to testify in court. The courts will not accept such seemingly impossible crimes (see, People v Campbell, 72 NY2d 602, 607; see also, People v Souvenir, 209 AD2d 455, 456). Accordingly, the second count of the information is dismissed.
Even if the court had not dismissed the second count under the authorities cited, the court would have granted the defendant’s motion for a trial order of dismissal as to the second count. The court finds that the evidence viewed in the light most favorable to the People fails to establish the element of the crime of attempted criminal tampering with a witness in the third degree. The court finds that the conversation between Mr. Pagan and the defendant and the car ride in which the second conversation took place were mere acts of preparation too remote to be considered a criminal attempt. The defendant’s acts had not been carried forward to the point *59 of dangerous proximity (see, People v Warren, 66 NY2d 831, 832), to the instilling of fear, or even the attempt to instill fear in Adolpho Smith. From the mouth of the defendant’s only accuser, Gilbert Pagan, the missing element was the retaining of the actual hit man. This was at least tacitly acknowledged by the police and District Attorney for it was they who sent Larry Frett to the defendant’s office under the guise of being the hit man sent by Gilbert Pagan to be hired by the defendant. Conspiring with or soliciting another person to commit a crime does not, by itself, constitute an attempt to commit a crime. Something more was required. The hiring of the hit man was the missing element without which the People could not prove their case as to the second count (People v Warren supra).