■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM M. SHETLER, Appellant. [682 NYS2d 784] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of marihuana in the second degree (Penal Law § 221.25). Defendant contends that County Court erred in denying his motion to suppress marihuana seized at his trailer pursuant to an allegedly invalid search warrant.

The search warrant application satisfies both prongs of the *Aguilar-Spinelli* test (*see, Aguilar v Texas*, 378 US 108; *Spinelli v United States*, 393 US 410). Although the informant had not provided information in the past, his declaration against his penal interest (*see, People v Comforto*, 62 NY2d 725), together with the investigator's prior investigation of defendant for the sale of marihuana, sufficiently established the informant's reliability (*see, People v Lisk*, 216 AD2d 851, *lv denied* 87 NY2d 904). The basis of knowledge prong is satisfied because the statement of the informant describes his personal observation of defendant obtaining marihuana from inside defendant's trailer (*see, People v Rodriguez*, 52 NY2d 483, 495; *People v Harwood*, 90 AD2d 923).

There is no merit to defendant's contention that the search warrant application contained a material omission. The investigator testified that he only included the second statement of the informant because he believed that it was an "elaboration" of the informant's initial statement. Moreover, the informant was interviewed by the issuing Magistrate to determine the veracity of the informant's statement (*see, People v Gaspar*, 132 AD2d 990, *appeal dismissed* 71 NY2d 887). The apparent typographical error in the search warrant with respect to the time when the warrant could be executed does not invalidate the search. There is no indication that the issuing Magistrate intended to restrict execution to a three-hour period between 6:00 P.M. and 9:00 P.M. (*see*, CPL 690.30 [2]; *People v Markiewicz*, 246 AD2d 914, *lv denied* 91 NY2d 974; *People v Eldridge*, 173 AD2d 975; *People v Crispell*, 110 AD2d 926).

We have reviewed defendant's remaining contentions and conclude that they are without merit. (Appeal from Judgment of Steuben County Court, Scudder, J.—Criminal Possession Marihuana, 2nd Degree.) Present—Denman, P. J., Green, Hayes, Callahan and Balio, JJ.