■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY PETERSON, Appellant. [703 NYS2d 629] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of attempted criminal possession of a controlled substance in the first degree (Penal Law §§ 110.00, 220.21) and conspiracy in the second degree (Penal Law § 105.15) arising from acts that occurred in 1997. Defendant contends that attempted criminal possession of a controlled substance in the first degree is a legal impossibility. We disagree. After 1995 the People were no longer required to prove that a defendant knew the actual weight of the controlled substance (*see,* Penal Law § 220.21, as amended by L 1995, ch 75, § 5). Thus, that element of the offense became a strict liability element. The proscribed conduct is the possession of the controlled substance (*see generally, People v Saunders*, 85 NY2d 339, 341-343). The element of weight is an aggravating factor serving merely to elevate the degree of the offense and the severity of the punishment. When strict liability attaches only to an aggravating circumstance, there can be an attempt to commit that crime (*see, People v Miller*, 87 NY2d 211, 218; *see also, People v Prescott*, 263 AD2d 254 [decided herewith]).

The eavesdropping warrants challenged by defendant were issued with the requisite showing of probable cause and necessity (*see, People v Baris*, 116 AD2d 174, 184, 186-187, *lv denied*

67 NY2d 1050). The supporting affidavits established that the informants were reliable because they had provided accurate information in the past (*see, People v Hanlon,* 36 NY2d 549, 556-557; *see also, People v Rodriguez,* 52 NY2d 483, 489). The basis of knowledge of the informants was established by their personal observations of defendant's possession and sale of large amounts of cocaine (*see, People v Hanlon, supra,* at 556-557; *People v Shetler,* 256 AD2d 1234). The police established the necessity of the eavesdropping warrants by showing that undercover investigations had failed and that other methods were unlikely to succeed (*see, People v Baris, supra,* at 187).

Defendant's further contentions concerning the eavesdropping warrants are unpreserved for our review (*see, People v Potenza,* 92 AD2d 21, 24, n 2), and we decline to exercise our power to review them as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). We have examined defendant's remaining contentions and conclude that they are without merit. (Appeal from Judgment of Onondaga County Court, Burke, J.—Attempted Criminal Possession Controlled Substance, 1st Degree.) Present—Pine, J. P., Wisner, Hurlbutt and Balio, JJ.