OPINION OF THE COURT
Rosalyn Richter, J.
This case presents a question of apparent first impression— whether it is legally possible to commit the crime of attempted endangering the welfare of a child. Defendant was charged in *74 an information with two counts of endangering the welfare of a child (Penal Law § 260.10 [1]) and two counts of sexual abuse in the second degree (Penal Law § 130.60 [2]). Before trial, the prosecutor’s application to reduce all of the counts to attempts was granted. Following a- nonjury trial, defendant was convicted of one count each of attempted sexual abuse in the second degree and attempted endangering the welfare of a child.[1] Defendant now moves, pursuant to CPL 330.30, to set aside the verdict of guilty of the attempted endangering charge. Defendant contends that it is legally impossible to commit this crime.[2] For the reasons outlined below, this court denies defendant’s motion and concludes that an individual can properly be convicted of attempted endangering the welfare of a child.
The relevant trial testimony of the victim, a seven-year-old boy, established that on June 1, 1997, he was visiting defendant, his great-uncle, at defendant’s home on Davidson Avenue in the Bronx. That afternoon, while the boy was in the living room watching television, defendant entered and sat down on a chair. After a couple of minutes, defendant asked the boy to come over and sit upon his lap. The boy complied, and while he was sitting on defendant’s lap, defendant unzippered his own pants, took out his erect penis and placed the boy’s hand on it. Defendant then put his hands on the boy’s leg and side. After one or two minutes, defendant removed the boy’s hand from his penis, zippered his pants and took the child outside. Although defendant’s actions made the boy feel uncomfortable, he never told anyone about the incident at the time because he thought defendant would punish or hit him. Some time the following year, however, the boy told his mother what defendant had done, and the mother reported the incident to the police.
Defendant called an alibi witness, Ada Silvagnoli, who testified that in the late morning of June 1, 1997, she saw defendant in church with his family. After the service, Ms. Silvagnoli accompanied defendant and his family to a nearby park, where they remained until the late afternoon. Ms. Silvagnoli testified that she did not see the young boy with defendant that day.
*75 Under the Penal Law, a person is guilty of an attempt to commit a crime when, “with intent to commit a crime, he engages in conduct which tends to effect the commission of such crime.” (Penal Law § 110.00.) In order to establish an attempt, the People must prove that the defendant had the intent to commit a specific offense, and that the defendant engaged in some affirmative act to carry out that intent. (People v Coleman, 74 NY2d 381, 383 [1989].) Since the essence of a criminal attempt is the defendant’s intention to cause a proscribed result, “there can be no attempt to commit a crime which makes the causing of a certain result criminal even though wholly unintended.” (People v Campbell, 72 NY2d 602, 605 [1988]; see also, People v Martinez, 81 NY2d 810, 812 [1993], supra.)
Thus, courts have held it to be legally impossible to commit certain attempt crimes because the completed crimes contain the element of an unintended result. (See, e.g., People v Martinez, supra [attempted first degree manslaughter; Penal Law § 125.20]; People v Campbell, supra [attempted second degree assault; Penal Law § 120.05 (3)]; Matter of John FF., 195 AD2d 807 [3d Dept 1993] [attempted reckless assault; Penal Law § 120.00 (2)]; People v Burress, 122 AD2d 588 [4th Dept 1986] [attempted felony murder; Penal Law § 125.25 (3)]; People v Trepanier, 84 AD2d 374 [4th Dept 1982] [attempted first degree reckless endangerment; Penal Law § 120.25]; People v Williams, 40 AD2d 1023 [2d Dept 1972] [attempted reckless assault; Penal Law § 120.10 (3)].)
Relying upon this line of cases, defendant contends that attempted endangering the welfare of a child is a nonexistent crime because the completed crime makes criminal an unintended result, namely, injury to the physical, mental or moral welfare of a child. The plain language of the statute, however, belies defendant’s claim. In order to be found guilty of endangering the welfare of a child, a defendant need only “knowingly act[] in a manner likely to be injurious to the physical, mental or moral welfare of a child less than seventeen years old” (Penal Law § 260.10 [1] [emphasis added]). Thus, contrary to defendant’s interpretation, there is no requirement that there be any resulting injury to the child. (See, People v Bergerson, 17 NY2d 398 [1966].)
Indeed, on its face, the endangering statute is not a result-based crime. In People v Saunders (85 NY2d 339 [1995]), the Court of Appeals held that where a crime is predicated on direct conduct, and where the definition of the crime contains no “result” component, there is no bar to an attempt prosecu *76 tion. In Saunders, the Court reinstated an indictment charging defendant with attempted weapons possession since the underlying crime was not a result-based offense, but rather, proscribed particular conduct — the act of possessing a firearm. Similarly, since the underlying endangering charge here has no result component and forbids only particular conduct, that is, a defendant’s acting in a manner likely to cause harm to a child, an attempt to commit that crime is not a legal impossibility. (See, People v Prescott, 263 AD2d 254 [4th Dept 2000] [attempted driving while intoxicated is a legally cognizable crime because the completed crime proscribes particular conduct]; People v Peterson, 269 AD2d 788 [4th Dept 2000] [attempted criminal possession of a controlled substance in the first degree is not a legal impossibility].)
Lending support to this conclusion is the Court of Appeals decision in People v Coleman (supra), where the Court upheld the defendant’s conviction for attempted promoting prostitution in the second degree. A person is guilty of that crime when he “knowingly * * * [a]dvances or profits from prostitution of a person less than sixteen years old.” (Penal Law § 230.30 [2].) The Court held that the statute does not make criminal an unintended result, since the core conduct prohibited by the statute is the defendant’s acting to promote prostitution. (Supra, at 385.) Likewise, since the core conduct prohibited by the endangering statute is defendant’s acting in a manner likely to injure the child, the crime is legally cognizable.
Nor is there any merit to defendant’s claim that the attempted endangering charge is improper on the theory that the completed crime of endangering the welfare of a child encompasses the attempt. A defendant cannot attempt to commit a crime whose very definition includes the attempt to commit that crime. (See, People v Jelke, 1 NY2d 321, 330 [1956].) Thus, for example, in People v Schmidt (76 Misc 2d 976 [Crim Ct, Bronx County 1974]), the court dismissed charges of attempted resisting arrest and attempted obstructing governmental administration since the word “attempt” appears in the statutory definitions of those crimes. Similarly, in People v Diaz (146 Misc 2d 260 [Crim Ct, Bronx County 1990]), the court held that the crime of attempted intimidating a witness in the third degree is hypothetical since the language of the statute specifically includes the word “attempt.” (See also, People v Sajous, 173 Misc 2d 55 [Nassau Dist Ct 1997] [attempted tampering with a witness in the third degree is a nonexistent crime since the completed crime includes the attempt]; People v Lynn, 115 Misc 2d 76 [App Term, 2d Dept 1982] [although the statu *77 tory language does not specifically mention the word “attempt,” it is impossible to commit attempted jostling since the completed crime is “in the nature of’ an attempt].) Here, however, the language of the endangering statute does not, either expressly or impliedly, include the attempt to commit the crime within its purview.
Finally, the crime of attempted endangering the welfare of a child is expressly contemplated and acknowledged in Penal Law § 260.11. That section states, in relevant part: “A person shall not be convicted of endangering the welfare of a child, or of an attempt to commit the same, upon the testimony of a victim who is incapable of consent because of mental defect or mental incapacity as to conduct that constitutes an offense or an attempt to commit an offense referred to in section 130.16.” (Penal Law § 260.11 [emphasis added].) Although the requirements outlined in this section are not applicable to the instant case, the statute is persuasive authority for the proposition that the Legislature intended that a defendant could properly be convicted of attempted endangering the welfare of a child. No reason exists for this court to question this legislative judgment.
This court can conceive of numerous types of conduct which could be the subject of an attempted endangering the welfare of a child charge, but would not also establish the completed crime. Such examples are: a defendant who exposes himself to an undercover police officer posing as a child, but who is, in fact, over 16 years of age; a defendant who is thwarted in an attempt to throw her infant into a tub of scalding water; and an intoxicated defendant who starts the engine of a car containing children in the back seat, but does not drive away. Because there are numerous examples of conduct that could be prosecuted as an attempt to endanger the welfare of a child, the instant charge is neither fictional nor impossible to commit. Therefore, for the reasons stated, defendant’s conviction for attempted endangering the welfare of a child stands, and his motion to set aside the verdict is denied.[3]

. Defendant was acquitted of the remaining charges.

. Defendant never alerted the court to this claim either at the time the People applied to reduce the endangering charges to attempts, or at any point during the trial. Defendant’s failure to object, however, does not end the inquiry since the claim is not waivable. (See, People v Martinez, 81 NY2d 810 [1993].)

. Defendant also contends that the evidence at trial was deficient in that it failed to establish his specific intent to cause injury to the physical, mental or moral welfare of the victim. Because defendant was tried without a jury, this court lacks the authority to reweigh the factual evidence and reconsider its verdict. (See, People v Maharaj, 89 NY2d 997, 999 [1997].) In any event, *78 as noted above, the crime does not require that a defendant intend to cause injury to a child’s physical, mental or moral welfare; it merely proscribes knowingly engaging in conduct likely to cause such injury.