THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICO STEVENSON, Appellant. [895 NYS2d 750]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lott, J.), rendered April 3, 2008, convicting him of manslaughter in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the conviction of criminal possession of a weapon in the second degree, and vacating the sentence imposed thereon; as so modified, the judgment is affirmed.

The defendant was indicted for, inter alia, criminal possession of a weapon in the second degree pursuant to Penal Law § 265.03 (3). The trial court, however, submitted to the jury the charge of criminal possession of a weapon in the second degree pursuant to Penal Law § 265.03 (1) (b). The defendant raised no objection to the charge.

The crime of criminal possession of a weapon in the second degree, as charged to the jury, did not exist in the Penal Law at the time the defendant committed the subject crime on December 13, 2006 (*see* L 2006, chs 742, 745). Since the crime did not exist, "there could not be evidence to support conviction beyond a reasonable doubt, and the conviction must be reversed" (*People v Martinez*, 81 NY2d 810, 812 [1993]). Additionally, "such a conviction presents error fundamental to 'the organization of the court or the mode of proceedings proscribed by law' that cannot be waived" (*People v Martinez*, 81 NY2d at 812, quoting *People v Patterson*, 39 NY2d 288, 295 [1976], *affd* 432 US 197 [1977]). Accordingly, as the defendant correctly contends, he did not need to preserve this issue for appellate review.

The sentence imposed on the defendant's conviction of manslaughter in the first degree was not excessive (*see People v Suitte*, 90 AD2d 80, 83 [1982]). Mastro, J.P., Dickerson, Belen and Roman, JJ., concur.