In the Matter of MERCEDES K., a Person Alleged to be a Juvenile Delinquent, Appellant. [933 NYS2d 691]—

The appeal from so much of the order of disposition dated December 9, 2010, as placed the appellant with the Administration for Children's Services through October 4, 2011, has been rendered academic, as the period of placement has expired (*see Matter of David H.*, 88 AD3d 710 [2d Dept 2011]; *Matter of Vanna W.*, 45 AD3d 855, 856 [2007]). However, because there may be collateral consequences resulting from the adjudication of delinquency, the appeal from so much of the order of disposition dated December 9, 2010, as adjudicated the appellant a juvenile delinquent, and which brings up for review the fact-finding order, has not been rendered academic (*see* Family Ct Act § 783; *Matter of Dorothy D.*, 49 NY2d 212 [1980]).

The appellant contends that attempted abortion in the second degree is a nonexistent crime and, therefore "there could not be evidence to support conviction beyond a reasonable doubt" (*People v Martinez*, 81 NY2d 810, 812 [1993]). Such a contention need not be preserved for appellate review (*see People v Stevenson*, 71 AD3d 796, 797 [2010]). However, contrary to the appellant's contention, attempted abortion in the second degree (*see* Penal Law §§ 110.00, 125.40) is a legally cognizable crime. The crime of abortion in the second degree (*see* Penal Law § 125.40) imposes criminal liability for engaging in specified conduct and, therefore, attempted abortion in the second degree is legally cognizable, " 'since one can attempt to engage in conduct' " (*People v Aponte*, 16 NY3d 106, 109 [2011], quoting *People v Prescott*, 95 NY2d 655, 659 [2001]).

The appellant's challenge to the legal sufficiency of the evidence with regard to the finding that the appellant committed acts which, if committed by an adult, would have constituted the crime of attempted abortion in the second degree, is unpreserved for appellate review (*see Matter of Charles S.*, 41 AD3d 484, 485 [2007]; *Matter of James G.*, 309 AD2d 935, 936 [2003]; *cf.* CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the presentment agency (*see Matter of David H.*, 69 NY2d 792, 793 [1987]; *Matter of Summer D.*,

67 AD3d 1008, 1009 [2009]; *Matter of Davonte B.*, 44 AD3d 763, 764 [2007]), we find that it was legally sufficient to establish, beyond a reasonable doubt, that the appellant committed acts which, if committed by an adult, would have constituted the crime of attempted abortion in the second degree (*see* Family Ct Act § 342.2 [2]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see Matter of Steven L.*, 86 AD3d 613, 614 [2011], *lv denied* 17 NY3d 714 [2011]; *cf.* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see Matter of Daniel R.*, 51 AD3d 933, 934 [2008]; *cf. People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the Family Court's fact-finding determinations were not against the weight of the evidence (*cf. People v Romero*, 7 NY3d 633, 644-645 [2006]). Florio, J.P., Dickerson, Chambers and Cohen, JJ., concur.