■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEXIS MORA, Appellant. [28 NYS3d 880]—

Judgment, Supreme Court, Bronx County (Joseph J. Dawson, J.), rendered January 9, 2012, convicting defendant, after a nonjury trial, of attempted forcible touching, attempted endangering the welfare of a child, and sexual abuse in the third degree, and sentencing him to an aggregate term of 15 days and a conditional discharge, unanimously affirmed.

The verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the court's credibility determinations.

We reject defendant's claim that the superseding information was jurisdictionally defective with regard to the crime of forcible touching. The factual allegations describe conduct that would reasonably satisfy the "low threshold for the forcible component of this crime's actus reus" (*People v Guaman*, 22 NY3d 678, 684 [2014]).

The crime of attempted endangering the welfare of a child is not a legal impossibility, because the underlying crime is not result-based, but instead involves acts that can be attempted (*see People v Vargas*, 8 Misc 3d 113 [App Term, 2d Dept, 2d & 11th Jud Dists 2005], *lv denied* 5 NY3d 795 [2005]; *People v Vega*, 185 Misc 2d 73 [Crim Ct, Bronx County 2000]; *see also People v Aponte*, 16 NY3d 106, 109 [2011]). *People v Prescott* (95 NY2d 655 [2001]) is distinguishable because the definition of the crimes at issue in that case did not contemplate an attempted offense. Concur—Tom, J.P., Mazzarelli, Friedman, Richter and Kahn, JJ.