The People of the State of New York, Respondent, 
against
Milton Padilla, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Michelle A. Armstrong, J. at plea; Robert M. Mandelbaum, J. at sentencing), rendered August 23, 2012, convicting him, upon a plea of guilty, of forcible touching, and imposing sentence.




Per Curiam.
Judgment of conviction (Michelle A. Armstrong, J. at plea; Robert M. Mandelbaum, J. at sentencing), rendered August 23, 2012, affirmed.
In view of the defendant's knowing waiver of his right to prosecution by information, the facial sufficiency of the accusatory instrument must be assessed under the standard required of a misdemeanor complaint (see People v Dumay, 23 NY3d 518, 521 [2014]). So viewed, the accusatory instrument was jurisdictionally valid because it described facts of an evidentiary nature establishing reasonable cause to believe that defendant was guilty of forcible touching (see Penal Law § 130.52), the offense to which he pleaded guilty. The allegations - that at a specified time and inside a designated subway train, defendant "press[ed [his] erect penis" against the victim's hip area without the victim's consent - described conduct that would reasonably satisfy the "low threshold for the forcible component of this crime's actus reus" (People v Guaman, 22 NY3d 678, 684 [2014]; People v Mora, 138 AD3d 641 [2016], lv denied ___ NY3d ___ [2016]). No additional evidentiary details were required for the People's pleading to provide "adequate notice to enable defendant to prepare a defense and invoke his protection against double jeopardy" (People v Kasse, 22 NY3d 1142, 1143 [2014]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: October 19, 2016