The People of the State of New York, Respondent, 
against
Jerome Hill, Defendant-Appellant.



In consolidated appeals, defendant appeals from (1) a judgment of the Criminal Court of the City of New York, New York County (Joanne D. Quinones, J.), rendered November 21, 2011, convicting him, upon a plea of guilty, of forcible touching, and imposing sentence and (2) an order of the same court (Jennifer G. Schecter, J.), dated February 9, 2012, which, after a hearing, designated defendant a level two sex offender under the Sex Offender Registration Act (Correction Law Art. 6-c).




Per Curiam.
Judgment of conviction (Joanne D. Quinones, J.), rendered November 21, 2011, affirmed. Order (Jennifer G. Schecter, J.), dated February 9, 2012, affirmed.
In view of the defendant's knowing waiver of his right to prosecution by information, the facial sufficiency of the accusatory instrument must be assessed under the standard required of a misdemeanor complaint (see People v Dumay, 23 NY3d 518, 522 [2014]). So viewed, the accusatory instrument was jurisdictionally valid because it described facts of an evidentiary nature establishing reasonable cause to believe that defendant was guilty of forcible touching (see Penal Law § 130.52), the offense to which he pleaded guilty. The allegations - that at a specified time and inside a designated subway train, defendant "press[ed] and rub[bed] [his] groin" against the victim's buttocks and then "rub[bed]" her buttocks with his hand without consent - described conduct that would reasonably satisfy the "low threshold for the forcible component of this crime's actus reus" (People v Guaman, 22 NY3d 678, 684 [2014]; see People v Mora, 138 AD3d 641 [2016], lv denied 28 NY3d 934 [2016]). In addition, at the pleading stage, the sworn allegation that the victim did not consent to any sexual contact is "sufficiently evidentiary in character" (People v Allen, 92 NY2d 378, 385 [1998]) to support the lack of consent element of the charged crime (see Penal Law § 130.05[1]; People v Guaman, 22 NY3d at 681). 
The SORA court properly adjudicated defendant a level two sex offender. Defendant's challenge to the 20—point assessment under risk factor 7, "[r]elationship with [the] victim," is lacking in merit, since the case summary, accusatory instrument and police report constituted clear and convincing evidence (see People v Mingo, 12 NY3d 563, 572-573 [2009]; People v Colon, 139 AD3d 466 [2016], lv denied 29 NY3d 901 [2016]), that defendant was a stranger to [*2]the two victims for the purpose of risk assessment, i.e., that defendant "was not an actual acquaintance of the victim(s)" (Sex Offender Registration Act Risk Assessment Guidelines and Commentary, at 13; see generally People v Kaminski, 38 AD3d 1127, 1128 [2007], lv denied 9 NY3d 803 [2007]; see also People v Lewis, 45 AD3d 1381 [2007], lv denied 10 NY3d 703 [2008]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: December 13, 2016