People v Dibble (2019 NY Slip Op 07165)





People v Dibble


2019 NY Slip Op 07165


Decided on October 4, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 4, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, AND TROUTMAN, JJ.


815 KA 14-00761

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JEFFREY J. DIBBLE, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 






LINDA M. CAMPBELL, SYRACUSE, FOR DEFENDANT-APPELLANT. 
JAMES B. RITTS, DISTRICT ATTORNEY, CANANDAIGUA (JEFFERY FRIESEN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Ontario County Court (Frederick G. Reed, A.J.), rendered January 16, 2014. The judgment convicted defendant, upon a nonjury verdict, of attempted aggravated assault upon a police officer or a peace officer, attempted criminal possession of a weapon in the second degree, attempted robbery in the third degree, attempted menacing a police officer or peace officer, and attempted escape in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by reversing that part convicting defendant of attempted menacing a police officer or peace officer and dismissing count four of indictment No. 11-04-044, and as modified the judgment is affirmed.
Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon a nonjury verdict of attempted aggravated assault upon a police officer or a peace officer (Penal Law §§ 110.00, 120.11), attempted criminal possession of a weapon in the second degree (§§ 110.00, 265.03 [3]), attempted robbery in the third degree (§§ 110.00, 160.05), attempted menacing a police officer or peace officer (§§ 110.00, 120.18), and attempted escape in the third degree (§§ 110.00, 205.05). The conviction in appeal No. 1 arose from a February 4, 2011 incident when an Ontario County Sheriff's Deputy was returning defendant to jail after defendant was arraigned in Town Court in another matter, and defendant lunged through the partition in the deputy's vehicle and placed his hand on the deputy's service weapon.
The arraignment from which defendant was being transported was related to charges stemming from a separate February 2, 2011 incident in which defendant led an Ontario County Sheriff's Deputy on a motor vehicle chase and thereafter brandished a knife. After he was convicted of the charges at issue in appeal No. 1, defendant entered a guilty plea pursuant to North Carolina v Alford (400 US 25 [1970]) in connection with the February 2, 2011 incident. In appeal No. 2, defendant appeals from the judgment entered upon that guilty plea convicting him of driving while ability impaired by drugs (Vehicle and Traffic Law § 1192 [4]) and menacing a police officer or peace officer (Penal Law § 120.18).
While the criminal proceedings in appeal No. 1 and appeal No. 2 were pending, defendant became the subject of an investigation about various forgery incidents occurring in January 2011. On the same day as his guilty plea at issue in appeal No. 2, defendant entered another Alford plea in connection with the January 2011 forgery incidents. In appeal No. 3, defendant appeals from the judgment entered upon that guilty plea convicting him of criminal possession of a forged instrument in the second degree (Penal Law § 170.25).
In appeal No. 4, defendant appeals from an order denying, without a hearing, his motion pursuant to CPL 440.10 seeking to vacate the judgments of conviction at issue in appeal No. 1 and appeal No. 2.
With respect to appeal No. 1, defendant contends that his waiver of the right to a jury trial was not knowing, voluntary, or intelligent because County Court suggested during its waiver colloquy that, in a bench trial, it could consider matters outside of the trial record. Defendant, however, failed to preserve his contention for our review (see People v Lane, 160 AD3d 1363, 1365 [4th Dept 2018]; People v Williams, 149 AD3d 986, 986 [2d Dept 2017], lv denied 29 NY3d 1135 [2017]), and we decline to exercise our power to review the contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
We reject defendant's contention that the court abused its discretion in denying his request for substitution of counsel. It is well settled that "counsel may be substituted only where good cause' is shown" (People v Porto, 16 NY3d 93, 100 [2010]), and we conclude that the "strategic disagreement between defendant and counsel concerning counsel's handling of [issues relating to defendant's competency to stand trial] was not a conflict' requiring substitution" (People v Banks, 265 AD2d 163, 163 [1st Dept 1999], lv denied 94 NY2d 819 [1999]). We similarly conclude that "the evidence, the law, and the circumstances of [this] particular case, viewed in totality and as of the time of the representation, reveal that [defendant's trial] attorney provided meaningful representation" (People v Baldi, 54 NY2d 137, 147 [1981]). In particular, " the mistake of [trial] counsel with respect to [the] minimum sentence [available for a class D felony] does not rise to the level of ineffective assistance of counsel' " (People v Fowler, 45 AD3d 1372, 1374 [4th Dept 2007], lv denied 9 NY3d 1033 [2008], quoting People v Modica, 64 NY2d 828, 829 [1985]). Notably, after defense counsel inaccurately stated that the minimum permissible sentence pursuant to Penal Law § 70.06 (6) (c) for a conviction of a class D felony was four years rather than three years, the prosecutor immediately corrected the mistake.
Defendant's challenge to the legal sufficiency of the evidence in appeal No. 1 is preserved only in part because, in moving for a trial order of dismissal, defendant raised only some of the specific grounds raised on appeal (see People v Gray, 86 NY2d 10, 19 [1995]; People v Jacobson, 60 AD3d 1327-1328 [4th Dept 2009], lv denied 12 NY3d 916 [2009]). In any event, viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), we conclude that the evidence provides a "valid line of reasoning and permissible inferences" that could lead a rational person to conclude, beyond a reasonable doubt (People v Delamota, 18 NY3d 107, 113 [2011]), that defendant committed the offenses of attempted aggravated assault upon a police officer or a peace officer, attempted criminal possession of a weapon in the second degree, attempted robbery in the third degree, and attempted escape in the third degree. Specifically, with respect to the conviction of attempted aggravated assault upon a police officer or a peace officer, we conclude that the People established that the firearm was loaded and operable (see People v Shaffer, 66 NY2d 663, 664 [1985]), through circumstantial evidence (see People v Machado, 144 AD3d 1633, 1634-1635 [4th Dept 2016], lv denied 29 NY3d 950 [2017]). We have reviewed defendant's remaining challenges to the legal sufficiency of the evidence with respect to the charges of attempted aggravated assault upon a police officer or a peace officer, attempted criminal possession of a weapon in the second degree, attempted robbery in the third degree, and attempted escape in the third degree, and we conclude that they are without merit. We further conclude that, viewing the evidence in light of the elements of the crimes in this nonjury trial (see People v Danielson, 9 NY3d 342, 349 [2007]), the verdict with respect to those charges is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
We agree with defendant, however, that his conviction of attempted menacing a police officer or peace officer must be reversed because that offense is not a legally cognizable crime. As relevant here, Penal Law § 120.18 provides that "[a] person is guilty of menacing a police officer or peace officer when he or she intentionally places or attempts to place a police officer . . . in reasonable fear of physical injury, serious physical injury or death by displaying a deadly weapon, . . . pistol, . . . or other firearm, whether operable or not, where such officer was in the course of performing his or her official duties and the defendant knew or reasonably should have known that such victim was a police officer." Thus, according to the definition of menacing a police officer or peace officer set forth in the Penal Law, the attempt to commit the crime is already an element of the offense, and "there cannot be an attempt to commit a crime which is itself a mere attempt to do an act or accomplish a result" (People v Schmidt, 76 Misc 2d 976, 978 [Crim Ct, Bronx County 1974]; see People v Tucker, 151 AD3d 1085, 1086 [2d Dept 2017]; People v Diaz, 146 Misc 2d 260, 264 [Crim Ct, Bronx County 1990]; see also People v Campbell, 72 NY2d 602, 607 [1988]). Although defendant failed to raise this issue at trial, [*2]preservation is not required inasmuch as this issue constitutes a mode of proceedings error (see People v Martinez, 81 NY2d 810, 812 [1993]; People v Stevenson, 71 AD3d 796, 797 [2d Dept 2010], lv denied 14 NY3d 893 [2010]).
We therefore modify the judgment in appeal No. 1 by reversing that part convicting defendant of attempted menacing a police officer or peace officer and dismissing count four of indictment No. 11-04-044. The sentence imposed in appeal No. 1 is not unduly harsh or severe.
Contrary to defendant's contention in appeal Nos. 2 and 3, our determination in appeal No. 1 to reverse the judgment in part and dismiss count four of the indictment does not require reversal of the judgments in appeal Nos. 2 and 3 pursuant to People v Fuggazzatto (62 NY2d 862 [1984]) inasmuch as the sentences imposed in appeal Nos. 2 and 3 "will still run concurrently with and not exceed' " the sentence imposed in appeal No. 1 (People v Freeman, 159 AD3d 1337, 1337 [4th Dept 2018], lv denied 31 NY3d 1447 [2018], quoting Fuggazzatto, 62 NY2d at 863).
Defendant failed to preserve his contention in appeal No. 3 that the court erred in ordering him to pay a 10% surcharge in connection with the collection of restitution (see People v Rossborough, 160 AD3d 1486, 1487 [4th Dept 2018], lv denied 31 NY3d 1152 [2018]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]).
In appeal No. 4, we reject the contention of defendant that the court was required to summarily grant his CPL 440.10 motion. A court must grant a CPL 440.10 motion without conducting a hearing if "the sworn allegations of fact essential to support the motion are either conceded by the people to be true or are conclusively substantiated by unquestionable documentary proof" (CPL 440.30 [3] [c]). In this case, neither circumstance applies. We further conclude that the court properly denied defendant's motion without a hearing inasmuch as either defendant's allegations made in support of the motion are contradicted by the record (see CPL 440.30 [4] [d] [i]), or there is no reasonable possibility that the allegations are true (see CPL 440.30 [4] [d] [ii]).
Entered: October 4, 2019
Mark W. Bennett
Clerk of the Court